Eliseo J. Lisi, Appellant, *v.* Albert Lang, Respondent.

First Department, December 20, 1955.

*Isidor Unger* of counsel (*Lucile Pugh,* attorney), for appellant.

*Arthur S. Hirsch* for respondent.

*Per Curiam.* The plaintiff obtained an order directing substituted service of the summons and complaint. There were recitals in the order that defendant was a resident of this State and that personal service could not be made within the State because defendant was evading personal service. The defendant moved to vacate the order and the service made pursuant thereto on the ground that the defendant was not a resident of this State.

The matter was referred to an Official Referee who found that defendant had established residence in this State in 1953 and since that time had been temporarily absent in Europe. The conclusion was reached that such absence did not sustain the allegation that defendant was evading service of the summons and that the substituted service should be vacated on that ground. The report of the Referee was confirmed and defendant's motion was granted.

Prior to the enactment of the Civil Practice Act section 435 of the Code of Civil Procedure provided that an order for substituted service upon a natural person, residing within the State, might be ordered upon a showing of proper and diligent effort to serve the summons and that the place of the defendant's sojourn could not be ascertained, " or if he is within the state, that he avoids service, so that personal service cannot be made."

All of this was changed by section 230 of the Civil Practice Act which now contains the simple provision that a natural person residing within the State may be served by substitution upon satisfactory proof that " the plaintiff has been or will be unable, with due diligence, to make personal service of the summons within the state." It thus appears that evasion of service is no longer a test and Special Term erred in adopting the opinion of the Referee that service should be vacated upon that ground.

The defendant's application for the requested relief, however, was based upon the ground that he was not a resident of this State at the time of service of the summons. The Referee found upon all the evidence that the defendant was such a resident. If this finding was correct then substituted service was properly ordered and made because there was satisfactory proof that plaintiff had been and would be unable, with due diligence, to make service within this State.

It appears that in June, 1953, the defendant leased an apartment in New York City and has since maintained it. It is claimed that he is a resident of Switzerland. The purpose of the hearing before the Referee was to determine defendant's contention that service should be vacated upon the ground that he was not a resident of this State within the meaning of section 230 of the Civil Practice Act. The defendant's attorney attempted to prove this fact by conversations between himself and the defendant. Such conversations were properly excluded. Some three months elapsed from the date of service of the summons and the hearing before the Referee. The testimony of the defendant upon this pivotal issue could readily have been

taken by deposition. No effort was made to do so. Throughout the entire proceeding no affidavit or other proof has been submitted directly by the defendant as to his place of residence. He has been content to rely upon the conclusory and hearsay statements of his attorney. No competent evidence has been advanced by the defendant to overcome the proof submitted that he was a resident of this State.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion denied.

PECK, P. J., BREITEL, BASTOW and COX, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. Settle order on notice. [See 1 A D 2d 774.]