■ FRANK MORABITO, Respondent, v. CHAMPION SWIMMING POOL CORPORATION, Appellant, et al., Defendant.— In a negligence action to recover damages for injury to person and property, defendant Champion Swimming Pool Corporation appeals from an order of the Supreme Court, Suffolk County, dated December 5, 1961, which denied its motion to open its default upon plaintiff's prior motion for summary judgment. Order of December 5, 1961, reversed,

without costs; defendant's motion granted; its default opened; prior order of October 5, 1961 granting plaintiff's motion for summary judgment vacated; and said motion denied. The accident was one wherein a truck owned and operated by plaintiff was struck in the rear by a truck owned by K. V. Installers, Inc. (a corporation whose name was later changed to that of defendant Champion Swimming Pool Corporation) and operated by its employee Frank Proda. No affidavit of merit signed by Proda, the driver, was submitted. But the action against the corporate defendant (Champion) was instituted more than two years after the accident; and Proda, although named as a defendant, was never served nor was he still an employee either of K. V. Installers, Inc., or of the defendant Champion at the time plaintiff instituted the action. It is undisputed that Proda has disappeared. However, in the affidavit of one of Champion's attorneys, it is said that Champion's file contained a statement dated about three months after the accident in which Proda stated that plaintiff's truck "suddenly and without warning made a short stop, causing the collision of their respective vehicles." It is the general rule that a motion for summary judgment should not be granted if the facts upon which the motion is predicated lie exclusively within the knowledge of the moving party or are clearly not within the knowledge of his adversary (*Suslensky* v. *Metropolitan Life Ins. Co.*, 180 Misc. 624, affd. 267 App. Div. 812; *De France* v. *Oestrike*, 8 A D 2d 735). Under such circumstances it may not be said that a defense is feigned. Therefore the plaintiff should be required to prove his case by common-law proof, subject to cross-examination (5 Carmody-Wait, New York Practice, p. 144; *Suslensky* v. *Metropolitan Life Ins. Co.*, *supra*). Champion's default was neither willful nor in bad faith and its attorneys presented a sufficient excuse for their failure to oppose plaintiff's motion for summary judgment (see *Benadon* v. *Antonio*, 10 A D 2d 40, 42). In our opinion, on the merits, it was an improvident exercise of discretion to deny Champion's motion to open its default, to vacate the prior order and to deny plaintiff's motion for summary judgment (*Martin* v. *Gomes*, 8 A D 2d 632; see, e.g., *Suslensky* v. *Metropolitan Life Ins. Co.*, *supra*). Moreover, on his motion for summary judgment, plaintiff's motion papers were served by mail on September 7, 1961 and his motion was returnable on September 14, 1961. Thus, only 7 days' notice of motion was given, instead of the 11 days required by rule 60 of the Rules of Civil Practice and section 164 of the Civil Practice Act. Therefore, Special Term did not acquire jurisdiction of the motion for summary judgment and the order granting plaintiff's motion was jurisdictionally void (*Silverman* v. *Silverman*, 261 App. Div. 1106; *Palmer* v. *Rotary Realty Co.*, 233 App. Div. 764). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.