■ In the Matter of the Estate of EDWARD G. MASLINE, JR., Deceased. WINONA S. MASLINE et al., as Coexecutors and Cotrustees of EDWARD G. MASLINE, JR., Deceased, Appellants; EDWARD L. MASLINE et al., Respondents. —Order unanimously affirmed, without costs. Memorandum: The order vacating trial court's prior order and summary judgment granted appellants on respondents' default in attendance at a hearing scheduled by the court, of which respondents' counsel had no notice, was proper in all respects. The circumstances convincingly establish that the default resulting in entry of the order and judgment granted to appellants was not attributable to respondents and was clearly excusable, warranting vacatur relief accorded under CPLR 5015. Nor is appellants' contention of prejudice sustainable, rendering trial court's order of vacatur violative of the rule 5015 provision conditioning such order on "terms as may be just". Furthermore, courts have inherent power in addition to that granted in the CPLR (see SCPA 102) to open judgments in the interest of justice *(Ladd v Stevenson,* 112 NY 325, 332; *Michaud v Loblaws, Inc.,* 36 AD2d 1013, 1014; *Matter of Mento,* 33 AD2d 650, 651). Lastly, the vacated judgment herein, resulting from appellants' CPLR 3212 application, is no less vulnerable to vacatur relief than a judgment culminating from other procedural genesis *(Morabito v Champion Swimming Pool Corp.,* 18 AD2d 706, 707). (Appeal from order of Monroe County Surrogate's Court vacating order and judgment settling accounts.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.