■ H. K. Webster Stores of N. Y., Inc., Respondent, v Sunnyside Up, Inc., Appellant.—Appeal from so much of an order of the Supreme Court at Special Term, entered September 9, 1976 in Sullivan County, as denied defendant's cross motion to dismiss and struck defendant's affirmative defense of lack of jurisdiction from its amended answer. The summons and complaint herein were originally served on May 18, 1974. Defendant served motion papers contending the summons and complaint were improperly served on the general manager of the operator of a poultry hatchery on premises owned by Max and Beatrice Brender. The plaintiff claimed the papers had been served on Max Brender. Before the return date of the motion to dismiss for lack of jurisdiction the defendant served an answer and withdrew the motion. From May 18, 1974 until June 11, 1976, the return date of the instant cross motion, pleadings were exchanged and a demand for a bill of particulars was served and responded to. Defendant served an amended answer dated May 7, 1976 containing the affirmative defense of lack of jurisdiction because of the alleged improper service of the

original summons. On May 14, 1976 plaintiff served a second summons on the defendant through the Secretary of State. The validity of the second service is not questioned. Plaintiff then moved for summary judgment and defendant cross-moved to dismiss the complaint for lack of jurisdiction. The motion and cross motion were denied and the present appeal ensued. On appeal, the defendant contends that Special Term erred in striking its affirmative defense and that the issue of whether service of the May 18, 1974 summons was proper should have been determined immediately or preserved for ultimate trial. We agree with the conclusion of Special Term and with its statement that "In view of the fact that this litigation has been pending for over two years and the fact that if the motion to dismiss is granted the second summons would then be valid and the action thus would still be pending, in the interests of the speedy administration of justice, the motion to dismiss is denied." Defendant concedes that the second summons was served well within the period of the Statute of Limitations and does not dispute the fact that the effect of the second summons was to commence a second suit on the identical issues and facts as those in the first action. Therefore, defendant's rights have not been affected and it has in no way been prejudiced. Special Term had jurisdiction over the defendant and properly disregarded the alleged defect or irregularity since no substantial right of a party was affected (CPLR 2001; see, also, *Overmyer v Eliot Realty,* 83 Misc 2d 694; *Gonzales v Harris Calorific Co.,* 64 Misc 2d 287, affd 35 AD2d 720; *Kjeldsen v Ballard,* 52 Misc 2d 952). Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.