■  Deborah Gilbert, Respondent, v John Lehman, Appellant.—Case held, decision reserved and matter remitted for further proceedings in accordance with the following memorandum: Plaintiff was seriously injured in a motor vehicle accident on June 27, 1975 while a passenger in defendant's automobile. On the date of the accident defendant resided at 211 John Street, Syracuse. Defendant's motion to dismiss the action for lack of jurisdiction (CPLR 3211, subd [a], par 8) is based upon the undisputed fact that he no longer lived at 211 John Street on May 11, 1978 when "nail and mail" service of process was made to those premises pursuant to CPLR 308 (subd 4). It is also undisputed that a copy of the summons was received by defendant's insurer on May 15, 1978, together with a cover letter from plaintiff's attorney informing the insurer that service was made upon the defendant by "substitute service". Defendant's motion was not made until August 23, 1978 after plaintiff's time to commence an action had expired. In denying the motion, Special Term erred in holding that service of process was made upon defendant. Where, as here, resort is made to the "nail and mail" method of service under CPLR 308 (subd 4) and the summons is affixed to defendant's last known residence rather than his actual abode, service is ineffective *(Feinstein v Bergner,* 48 NY2d 234). Special Term also found that plaintiff had satisfied the statutory requirement that "due diligence" be exercised to effect personal or "deliver and mail" service before utilizing the "nail and mail" method (CPLR 308, subd 4). Additionally, the court found that in any event, defendant should be estopped from asserting plaintiff's noncompliance with the statute because defendant's insurer, immediately prior to the attempted service, gave erroneous information to plaintiff's attorney as to defendant's residence. While the papers presented at Special Term were sufficient to raise questions as to whether "due diligence" was exercised and whether the doctrine of equitable estoppel should be invoked, the record is otherwise devoid of evidence adequate to resolve those issues. In view of their gravity in the circumstances, the

court should have exercised its discretion under either CPLR 2218 or CPLR 3211 (subd [c]) to conduct an immediate trial thereon, as was done in *Feinstein v Bergner (supra)* (see Appendix, pp A52-A120, *Feinstein v Bergner, supra)* and in *Lisi v Lang* (286 App Div 771). On remand, the court should entertain competent testimony as to plaintiff's efforts to effect service upon defendant as required by CPLR 308 (subd 4). It is only upon a finding that "due diligence" was exercised in the first instance that the court should consider the equitable estoppel issue. Plaintiff is not to be excused from exercising the "due diligence" mandated by statute on the basis that defendant's insurer supplied an erroneous address for defendant, even if that information was knowingly false when given. On the estoppel issue, much more than proof of an erroneous statement of defendant's residence is required. It must be recognized that ordinarily a potential defendant has no obligation to keep a potential plaintiff informed of his whereabouts *(Feinstein v Bergner,* 48 NY2d 234, *supra).* It is not unreasonable, however, to expect that a potential defendant will keep his insurance carrier so informed (cf. *Dobkin v Chapman,* 21 NY2d 490, 504). The record here contains an affidavit of defendant's father which recites that defendant moved away from 211 John Street in February, 1976 and during the intervening two years lived at two other residences in the Syracuse area before taking up residence in Los Angeles, California on February 28, 1978. Mindful that the defendant's insurer is largely the real party in interest in cases of this nature *(Dobkin v Chapman, supra,* pp 504-505; cf. *Simpson v Loehmann,* 21 NY2d 305, 311; *Alford v McGaw,* 61 AD2d 504, 508-509), the plaintiff must demonstrate, before the estoppel doctrine may be invoked, that the defendant's insurer "engaged in conduct which was calculated to prevent [plaintiff] from learning of [defendant's] new address", thus frustrating her ability to effect proper service *(Feinstein v Bergner, supra,* citing *Cohen v Arista Truck Renting Corp.,* 70 Misc 2d 729). Relevant to that issue will be consideration of defendant insurer's conduct in withholding the claim of defective service until after the Statute of Limitations became applicable to plaintiff's claim. (Appeal from order of Onondaga Supreme Court—dismiss action.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.