■ MARIO CICCARONE, Respondent, v CLARENCE THOMPSON, Appellant, et al., Defendant.—Order unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Plaintiff brought this action for personal injuries and property damage sustained in an automobile accident on March 6, 1977 involving an automobile driven by him and one owned by Clarence Thompson. Defendant moved to vacate the default judgment entered against him for improper service of summons pursuant to CPLR 308 (subd 4). In opposition to defendant's motion, plaintiff submitted the affidavit of service and additional affidavits of the process server, in addition to his attorney's affidavit. These establish that, when service on defendant was attempted at the address given in the accident report, 205 Avenue A, Rochester, it was discovered defendant no longer lived there; that no forwarding address had been left with the post office; that a Department of Motor Vehicles search indicated defendant's address was 250 Londhurst Street, Rochester; that the process server was unable to locate Londhurst Street, but believed a typographical error had been made and it should read Lyndhurst Street; that a June 3, 1976 accident report indicated defendant's address was 250 Lyndhurst Street; that service on defendant was attempted at 250 Lyndhurst Street on December 4, 6 and 13, 1978; that the process server confirmed with neighbors that defendant resided there; that on December 18, 1978, after a fourth attempt at personal service, the summons and complaint were affixed to the door of the house and copies mailed to defendant at this address; that, after failing to appear, a default verdict was rendered against defendant on June 19, 1979; that a

further inquiry on defendant's address was made to the Department of Motor Vehicles, and two separate replies were received; that one reply stated defendant's address at 250 Londhurst Street, Rochester, and the other stated it as 962 Monroe Avenue, Rochester; and that an income execution was thereafter served on defendant's employer, the Eastman Kodak Company. In reply, defendant claimed that he had never resided or had a place of business at Lyndhurst Street, although his sister lived there prior to the summer of 1977; that on the dates service was attempted, he resided at 962 Monroe Avenue; that he received no notice that a summons had been left for him or mailed to him at the Lyndhurst Street address; and that, although it is claimed he could not be located, he has been employed at Eastman Kodak for several years. Defendant's motion was denied. The court determined, without a hearing, that the summons with notice was properly served pursuant to CPLR 308 (subd 4) at 250 Lyndhurst Street, defendant's last known address. While the papers presented are sufficient to raise the question as to whether "due diligence" was exercised before service was performed pursuant to CPLR 308 (subd 4), the record is otherwise inadequate to resolve the issue. Therefore, in view of the contested critical facts, the case is remitted for further proceedings to determine plaintiff's efforts to effect service as required by CPLR 308 (subd 4) *(Gilbert v Lehman,* 73 AD2d 793; *Stylianou v Tsourides,* 73 AD2d 642). In particular, the inquiry should determine whether plaintiff attempted to locate defendant at his place of employment to effectuate service; whether the "several years" defendant has been at his place of employment includes the dates of attempted service; and whether the Department of Motor Vehicles records indicating conflicting addresses for defendant can provide dates of issuance of the licenses. (Appeal from order of Monroe Supreme Court —vacate default judgment.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.