■ JOSEPH SAPIENZA, Respondent, v ROSE D. HAAG et al., Appellants. (Appeal No. 1.) — Order unanimously reversed, without costs, motion granted, judgment vacated and complaint dismissed. Memorandum: Defendants have moved to vacate a default judgment obtained by plaintiff on the ground that the "nail and mail" alternative for personal service attempted by plaintiff failed to comply with the provisions of CPLR 308 (subd 4). Special Term denied the motion holding that defendants are estopped from raising the jurisdictional challenge because they engaged "in conduct which was and is, calculated to prevent plaintiff from learning of their address." This was error. As to the issue of equitable estoppel, there is nothing in the record before us that indicates that defendants engaged in conduct which was calculated to prevent plaintiff from learning their new address. A potential defendant has no obligation to keep a potential plaintiff informed of his whereabouts (*Feinstein v Bergner,* 48 NY2d 234; *Gilbert v Lehman,* 73 AD2d 793). Defendants' assertion that they have not lived at 123 Westminster Street since August, 1980 has not been refuted by plaintiff. Indeed, defendants' daughter who did reside at defendants' former residence on Westminster Street at the time of the attempted service advised plaintiff's attorney several times that defendants no longer resided there. CPLR 308 (subd 4) requires that the summons be affixed to the door of defendants' actual dwelling place or usual place of abode within the State, not at the last known residence. " '[D]welling place' " and " 'usual place of abode' " as used in the statute are not synonymous with " 'last known residence' " (*Feinstein v Bergner, supra,* p 239). The fact that defendants still owned the premises and that the tax rolls indicated as much is of no moment. The court did not obtain jurisdiction of the case since the statutory provisions for substituted service were not complied with. The judgment must be vacated and the complaint dismissed (see Siegel, 1980 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1981-1982 Pocket Part, CPLR 5015, p 335; Siegel, New York Practice, p 134). (Appeal from order of Supreme Court, Erie County, Kasler, J. — vacate default judgment.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.