■ ERICA A. COLAGROSSO, Respondent, v RICKEY DEAN, Appellant, et al., Defendant. (Appeal No. 1.) — Order unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: This is a personal injury action arising from an automobile accident which occurred on February 5, 1980. Plaintiff attempted to effect service of process on defendant Dean on December 15, 1982, at an address set forth in the police report of the accident, by the "nail and mail" alternative for personal service (CPLR 308, subd 4). On May 17, 1983 Special Term found that Dean was improperly served but, rather than dismissing the complaint, the court estopped Dean from interposing the Statute of Limitations defense. On June 1, 1983 plaintiff, seeking to cure the jurisdictional defect, personally served a copy of the summons and complaint on Dean who then submitted an answer which asserted, among other things, the three-year Statute of Limitations as a defense. On September 16, 1983 Special Term, relying on the prior order, granted plaintiff's motion to dismiss the Statute of Limitations defense on estoppel grounds. The record establishes that defendant moved to a new address on July 1, 1981 and left a change of address with the United States Post Office Department which under its regulations forwarded mail for a six-month period. Dean's insurer had no knowledge of the change of address before February 16, 1983 when it received from plaintiff's attorney a copy of the summons and complaint with notice of its service on December 15, 1982. Until about March 27, 1982 plaintiff's attorney and a representative of defendant's insurer engaged in conversations and exchanged letters dealing with medical information, questions concerning liability, and the status of the defendant Henrietta Volunteer Ambulance Service as a codefendant. On March 22, 1982 the insurer provided plaintiff with a copy of the police report of the accident. Here the "nailing" was not done at Dean's "actual place of business, dwelling place or usual place of abode" as required by CPLR 308 (subd 4), but at his "last known address", and the service was defective (see *Feinstein v Bergner,* 48 NY2d 234, 239). Additionally, plaintiff failed to exercise "due diligence" in attempting to effect personal service before resorting to the substitute method of service. There is no detailed affidavit from the process server with relation to the attempts to serve Dean at his old address, and plaintiff made no effort to ascertain a current address but relied upon the three-year-old police report for this information. Before an estoppel may be invoked plaintiff must demonstrate "that the defendant's insurer 'engaged in conduct which was calculated to prevent [plaintiff] from learning of [defendant's] new address', thus frustrating her

ability to perfect proper service [citations omitted]." (*Gilbert v Lehman*, 73 AD2d 793, 794; see, also, *Feinstein v Bergner, supra*, pp 241-242; *Sapienza v Haag*, 89 AD2d 816). The mere fact that settlement negotiations were conducted is insufficient to justify an estoppel (see *Procco v Kennedy*, 88 AD2d 761; *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.*, 86 AD2d 733). Plaintiff has failed to present evidentiary facts establishing fraud, deception or misrepresentation or that Dean's insurer engaged in conduct which was calculated to prevent plaintiff from learning Dean's new address or caused plaintiff to delay suit until after the statute had run. Indeed, plaintiff attempted to commence suit, albeit defectively, within the period limited by the Statute of Limitations. (Appeal from order of Supreme Court, Monroe County, Curran, J. — dismiss complaint.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.