■ ERICA A. COLAGROSSO, Respondent, v RICKEY DEAN, Appellant, et al., Defendant. (Appeal No. 2.) — Order unanimously reversed and motion denied. Same memorandum as in *Colagrosso v Dean* (appeal No. 1) (99 AD2d 669). (Appeal from order of Supreme Court, Monroe County, Davis, J. — dismiss defense.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.

■ GLENDA C. HIBBARD, Respondent, v ROBERT B. SHAAD, Appellant. — Order unanimously reversed, without costs, and motion granted. Memorandum: Special Term erred in denying defendant's motion to vacate an order which granted summary judgment to plaintiff on the issue of liability only. It is conceded that service by mail of plaintiff's motion papers seeking summary judgment did not comply with the time requirements of CPLR 2214 (subd [b]) and 2103 (subd [b], par 2) (see *Irish Propane Corp. v Burnwell Gas Distrs.*, 25 AD2d 616). Summary judgment may not be granted against a defendant who fails to appear in response to a motion on which he did not receive the minimum notice required by statute (*Morabito v Champion Swimming Pool Corp.*, 18 AD2d 706, 707). Plaintiff remains free, of course, to again seek summary relief upon proper notice. (Appeal from order of Supreme Court, Jefferson County, Lynch, J. — vacate default judgment.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.

■ In the Matter of RICHARD H. SKUSE et al., Respondents-Appellants, v TOWN OF SOUTH BRISTOL, Appellant-Respondent. (And Three Other Proceedings.) — Order unanimously affirmed, with costs to petitioners, and cross appeal dismissed as academic. Memorandum: The court properly denied the town's motion to dismiss certiorari proceedings; there was no showing of willful neglect or refusal on the part of the property owners to supply the requested information pursuant to section 1524 (subd 2, par [b]) of the Real Property Tax Law prior to its repeal (L 1982, ch 714, § 28, eff Jan. 1, 1983; cf. *Matter of Spencer v Mullen*, 84 AD2d 790). Moreover, the town, by accepting the petitions for assessment and review and acting on them, waived any objections to the sufficiency of the information provided, the lack of written authorization for the board of managers to represent the property owners, and other alleged defects (see *Matter of City of Little Falls v Board of Assessors*, 68 AD2d 734, 739-740). Inasmuch as the court on deciding a subsequent motion found that the additional information furnished by the property owners constituted substantial compliance with the court's order, their cross appeal from so much of that order as directed them to supply additional information within 60 days is dismissed as academic. (Appeals from order of Supreme Court, Monroe County, Rosenbloom, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.