■ RUBY AVERY et al., Respondents, v RALPH BAZIN, Appellant.—In a medical malpractice action, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Bellard, J.), dated February 2, 1987, as granted that branch of the plaintiffs' motion which was to strike his first affirmative defense of lack of personal jurisdiction, and (2) an order of the same court, dated July 6, 1987, as, upon renewal and reargument, adhered to its original determination granting that branch of the motion.

Ordered that the appeal from the order dated February 2, 1987, is dismissed, as that order was superseded by the order dated July 6, 1987, made upon renewal and reargument; and it is further,

Ordered that the order dated July 6, 1987, is reversed insofar as appealed from, so much of the order dated February 2, 1987, as granted that branch of the plaintiff's motion which was to strike the defendant's first affirmative defense is vacated, and that branch of the motion is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The record indicates that service of process in the instant case was made on the defendant doctor's medical assistant, in the defendant's office, while the defendant was absent. Under these circumstances, personal jurisdiction was not obtained

over the defendant doctor pursuant to CPLR 308 (1) *(Hoffman v Petrizzi,* 144 AD2d 437; *Espy v Giorlando,* 85 AD2d 652, *affd* 56 NY2d 640; *Donaldson v Melville,* 124 AD2d 361). Nor was personal jurisdiction obtained over the defendant by substituted service as provided pursuant to CPLR 308 (former [2], or former [4]). At the time of the events in question, both of these modes of substituted service required that the mailing of process be made to a defendant's "last known residence". However, the record in this case indicates that the process was mailed to the defendant's place of business *(see, Booth v Lipton,* 87 AD2d 856). Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.