■ JOHN J. SCHURR, Appellant, v CHARLES M. FILLEBROWN, Respondent.—In an action to recover damages for podiatric malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered August 17, 1987, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

It is not refuted that, although plaintiff's process server

delivered a summons with notice to a person of suitable age and discretion at defendant's actual place of business, he thereafter mailed a copy to an address at which defendant had not resided for six years, notwithstanding that the defendant's current address was listed in the telephone directory. Since the plaintiff failed to comply with the specific mandates of CPLR 308 (2), the purported service was ineffective to acquire jurisdiction over the defendant (see, Macchia v Russo, 67 NY2d 592; Feinstein v Bergner, 48 NY2d 234). Moreover, the process server's statement, contained in an affidavit in opposition to defendant's motion, that "someone" at the defendant's office gave him the defendant's "home address" did not compel further inquiry into the issue of whether the defendant should have been estopped from relying on the defect in service (Feinstein v Bergner, supra; Sapienza v Haag, 89 AD2d 816; Gilbert v Lehman, 73 AD2d 793). Thus, the Supreme Court properly dismissed the action without first conducting an evidentiary hearing. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.