■ LEWIS DORFMAN, Individually and as Administrator of the Estate of REGINA DORFMAN, Deceased, Appellant, v SHELDON LEIDNER, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 27, 1988 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

This medical malpractice action arises out of defendant's alleged failure to diagnose cancer in plaintiff's decedent during a course of treatment from April 1983 to October 1983, which is alleged to have caused her death in February 1984. On January 14, 1986, plaintiff's process server went to defendant's office and personally delivered a copy of the summons and complaint to defendant's receptionist and thereafter mailed an additional copy of each to defendant at his medical office. Defendant interposed an answer asserting the affirmative defense of lack of personal jurisdiction and moved for summary judgment dismissing the complaint on that ground in February 1988. Supreme Court granted the motion and plaintiff appeals.

Plaintiff concedes that the summons and complaint were never personally delivered to defendant and that a copy was never mailed to defendant's residence but nevertheless contends that personal jurisdiction was obtained. None of plaintiff's arguments have merit and we accordingly affirm.

First, plaintiff contends that the process server "was told by [defendant's] office staff that they were authorized to accept service on behalf of the doctors". Thus, the argument continues, since defendant's employees misrepresented their authority, delivery of the summons and complaint to the receptionist constituted proper service under CPLR 308 (1). We disagree. It has been held on nearly identical facts that "[w]hile delivery to a person who is in the proximity and view of the person to be served, together with attendant exigent circumstances, may satisfy the statutory requirements of CPLR 308 (subd 1) * * * such delivery made outside the presence of the person to be served does not conform with the requirements of CPLR 308 (subd 1)" *(Espy v Giorlando,* 85 AD2d 652, *affd* 56 NY2d 640; *see, Selby v Jewish Mem. Hosp.,* 130 AD2d 651; *cf., Conforti v Beekman Downtown Hosp.,* 79 AD2d 968). Here it is clear from the record that process was delivered to the receptionist

outside of defendant's presence. Thus, service upon defendant was not properly effected pursuant to CPLR 308 (1).

Second, we reject plaintiff's contention that the 1987 amendment to CPLR 308 (2) (L 1987, ch 115), providing that the mailing may be addressed to the defendant's actual place of business, should be applied retroactively to afford him "the benefit of the more enlightened view as to what constitutes proper substitute service". It is well settled that statutes are to be construed as prospective where, as here, there is not a clear expression of legislative purpose to justify a retrospective application *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]). Moreover, accepting for the purpose of our analysis the argument that the amendment is remedial *(see,* mem of NY State Trial Law Assn, Governor's Bill Jacket, L 1987, ch 115), we nevertheless find that it should not be given retroactive effect because defendant has a vested right in the defense of lack of personal jurisdiction which may not be impaired by retrospective application of the amendment *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a]). Construing the amendment as procedural is similarly unavailing since "procedural statutes may not retroactively destroy rights already accrued" (McKinney's Cons Laws of NY, Book 1, Statutes § 55). Furthermore, plaintiff's failure to ascertain defendant's residence address does not excuse compliance with the requirements of CPLR 308 (2), and there has been no showing here that defendant's residence address and place of business were the same *(cf., Bartomeo v Brookdale Hosp. Med. Center,* 121 AD2d 670). For these reasons, service of process did not conform to the requirements of CPLR 308 (2) *(see, Avery v Bazin,* 144 AD2d 609, 610; *Donaldson v Melville,* 124 AD2d 361, 362, *lv denied* 69 NY2d 604; *Connell v Hayden,* 83 AD2d 30, 34).

Finally, we reject plaintiff's contention that defendant is estopped from claiming improper service because the parties' attorneys engaged in settlement negotiations. The mere fact that settlement negotiations were conducted is insufficient to justify estoppel *(Colagrosso v Dean,* 99 AD2d 669, 670). Plaintiff has not demonstrated that defendant's attorney frustrated his ability to perfect proper service *(supra,* at 669-670) or lulled him into inactivity *(see, Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733). Indeed, it is clear from the record that the settlement negotiations all occurred subsequent to the period limited by the Statute of Limitations.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.