■ DENA DAVIDSON, Appellant, v COMMUNITY GENERAL HOSPITAL, Defendant, and JOSEPH LAUTERSTEIN, Respondent.—Levine, J.

On June 24, 1986, Philip Mullin, plaintiff's process server, went to the office of defendant Joseph Lauterstein (hereinafter defendant) and served a copy of the summons and complaint in this medical malpractice action on a member of defendant's office staff. Thereafter, a copy of the summons and complaint was mailed to defendant at his medical office. According to Mullin's affidavit, he had checked several telephone directories and found only the office address listed for defendant. Mullin further averred that he had previously served process on the group of physicians with which defendant practiced on at least 15 occasions, and on each occasion had served a member of the office staff based on the fact that Mullin had been told that the doctors would not come out into the waiting area to accept service, nor would they permit him to enter the rear offices to serve them personally. According to Mullin, the office staff informed him that they were authorized to accept service on behalf of the doctors.

Defendant answered on July 10, 1986 and raised the affirmative defense of lack of personal jurisdiction, but did not move for summary judgment dismissing the complaint until almost two years later, in June 1988. In support of his motion, defendant alleged that the service of process was jurisdictionally defective under CPLR 308. In response, plaintiff cross-moved for an order providing that the June 24, 1986 service be deemed to have been made nunc pro tunc on a date between July 15, 1987 and August 3, 1987. The August 3, 1987 date represents the earliest day on which the Statute of Limitations would have expired in this case, while the July 15, 1987 date represents the effective date of an amendment to CPLR 308 (2) (L 1987, ch 115, § 2). This amendment provided that the requirements of substituted service under CPLR 308 (2) could be satisfied by directing the mailing of the summons to a defendant's actual place of business, whereas prior to the amendment a plaintiff was required to mail the summons to a defendant's last known residence. Supreme Court granted defendant's motion for summary judgment dismissing the complaint against him and denied plaintiff's cross motion. This appeal by plaintiff ensued.

On appeal plaintiff contends that the 1987 amendment to CPLR 308 (2) is remedial in nature and should be applied retroactively to validate the service in the instant case and, alternatively, that service was properly carried out under CPLR 308 (1) because defendant's office staff misrepresented its authority to accept service of process. Neither of these contentions merit extended discussion in light of this court's recent decision in *Dorfman v Leidner* (150 AD2d 935) which addressed identical arguments and found them to be unavailing.

Plaintiff, however, also argues that Supreme Court erred in denying her cross motion for an order nunc pro tunc deeming the summons re-served in late July 1987 in the exact manner as it originally had been served. In support of this argument, plaintiff relies on *Webster Stores v Sunnyside Up* (57 AD2d 648). In that case, the plaintiff improperly served the defendant and, two years later, the defendant served an amended answer raising the improper service as a defense. The plaintiff then properly re-served the defendant with an identical summons and complaint prior to the expiration of the Statute of Limitations. On appeal this court affirmed Supreme Court's denial of the defendant's motion to dismiss the action based on the original service of process " 'in the interests of the speedy administration of justice' " since, even if the motion

were granted, the action would still be pending by virtue of the valid service of the second summons *(supra,* at 649).

In our view, the instant case is distinguishable from *Webster (supra)* in that here plaintiff never properly re-served defendant so as to cure the original jurisdictional defect. Moreover, we agree with defendant that to grant plaintiff the relief sought in her cross motion would be tantamount to a retroactive application of the 1987 amendment to CPLR 308 (2). Accordingly, there must be an affirmance.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.