OPINION OF THE COURT
John Copertino, J.
In this CPLR article 78 proceeding petitioner demands *718 judgment directing respondent Commissioner of Labor (sometimes hereinafter Commissioner) to "withdraw and nullify” two orders entered as judgments against the petitioner. The Commissioner entered the two orders on September 25, 1989, pursuant to certain amendments to Labor Law §§ 220 and 220-b. These amendments, enacted on July 21, 1989 and made effective immediately, allow respondent to enter orders rendered in administrative proceedings held under section 220 or section 220-b of the Labor Law as judgments. Such proceedings fix amounts due laborers and others employed on public works contracts for nonpayment or underpayment of prevailing wage rates and supplements. The dispute here — which is narrowed by the absence of material questions of fact — is whether the July 21, 1989 amendments to the Labor Law may be applied retroactively, permitting the Commissioner to enter the administrative orders in this case as judgments notwithstanding the fact that such orders originally were issued well before the effective date of such amendments. The court concludes that under the facts of this case the amendments may not be applied retroactively, and thus the relief sought in the petition must be granted.
On November 12, 1984 a public works contract was entered into by the New York State Facilities Development Corporation (FDC) and the petitioner, as contractor, for the installation of a sprinkler system at the Pilgrim State Psychiatric Center in West Brentwood, New York. On November 19, 1984, the petitioner and FDC executed a second contract for heating and ventilation work to be performed at a community residence located in Ridge, New York. Both contracts were subject to the Prevailing Wage and Hour Law contained in article 8 of the Labor Law (§ 220 et seq.) as each involved the employment of laborers, workmen and mechanics in various trades and occupations.
In connection with its performance of both contracts, the petitioner hired a subcontractor known as Hydro-Fab Corporation. It was furnished with the prevailing wage rate schedule and, like the petitioner, was obliged to comply with the Prevailing Wage and Hour Law. However, Hydro-Fab failed to pay its employees in accordance with section 220 of the Labor Law. Upon its receipt of complaints by Hydro-Fab employees alleging underpayment, the Department of Labor undertook an investigation which evidenced violations of Labor Law § 220 by Hydro-Fab on both the Pilgrim State and Ridge projects.
*719 Thereafter, respondent Commissioner of Labor brought administrative proceedings against Hydro-Fab and the petitioner pursuant to Labor Law § 220 et seq. to determine whether Hydro-Fab failed to pay prevailing wages and supplements to the employees on both projects and the liability of Hydro-Fab and the petitioner for such underpayments, if any. Separate hearings with respect to each project were conducted by the respondent on notice to Hydro-Fab and the petitioner.
On March 4, 1987 the respondent issued an order and determination finding that Hydro-Fab failed to pay prevailing wages and supplements to seven employees on the Pilgrim State project and determining the amounts due each employee. The order also found Hydro-Fab guilty of a willful violation and assessed a civil penalty. The order directed that certain funds due to the petitioner under its contract with FDC, which previously had been withheld by the State Comptroller pursuant to section 220-b of the Labor Law, be used to make pro rata payments to the seven affected employees in satisfaction of the amounts found to be due them for underpayments, with interest. The order further directed that the balance of such underpayments with interest and the amount of the civil penalty assessed against Hydro-Fab be paid by Hydro-Fab and the petitioner.
On March 18, 1987, the Commissioner issued an order and determination finding that Hydro-Fab failed to pay nine employees on the Ridge project prevailing wage rates and supplements. The order also assessed a civil penalty against Hydro-Fab and directed that Hydro-Fab and the petitioner make payments of the amounts due to such workers.
Although Labor Law § 220 (8) provides for direct review of the order of the respondent by the Appellate Division pursuant to CPLR article 78, petitioner did not commence any proceedings for review of the March 4, 1987 and March 18, 1987 orders. In addition, none of the affected employees commenced an action to recover the difference between the amounts paid or provided and the amounts which should have been paid and provided pursuant to Labor Law § 220 (8) or § 220-b (3) (a).
However, on May 31, 1989, the Commissioner accepted assignments from several of the employees on the Pilgrim State project of their wage claims against Hydro-Fab under Labor Law § 196 (1) (b). Thereafter, respondent brought suit on their behalf against Hydro-Fab and the petitioner to re *720 cover the balance of the underpayment found due and owing under the March 4, 1987 order. Although Hydro-Fab never was served with process in that action, the petitioner was and appeared by answer. Petitioner set forth several defenses, including an assertion that such action was one pursuant to Labor Law § 220 (8) and was barred by the six-month Statute of Limitations set forth therein. However, respondent Commissioner claimed that the action was timely commenced under Labor Law § 220-b (3) (a) because the three-year Statute of Limitations set forth therein was applicable to such action. That action remains pending, and no further proceedings have been held.
On July 21, 1989, the Legislature enacted certain amendments, effective immediately, to Labor Law §§ 220 and 220-b (see, L 1989, ch 642). Pursuant thereto, the Commissioner of Labor may file with the County Clerk of the county where the employer resides any order of the Commissioner or fiscal officer rendered under section 220 or section 220-b fixing amounts due employees for violations of the Prevailing Wage and Hour Law, provided that no article 78 proceeding for review of such order is pending in the Appellate Division and that the time for the institution of such proceedings (30 days from the filing of the order) has expired. The amendments further provide that the order so entered by the County Clerk shall have the full force and effect of a judgment duly docketed in the office of such Clerk and may be enforced in the name of the Commissioner in the same manner and with like effect as a money judgment.
On September 25, 1989, the March 4, 1987 and March 18, 1987 orders were entered as judgments against the petitioner in the office of the Suffolk County Clerk in accordance with the 1989 amendments to the aforesaid sections of the Labor Law. This proceeding then ensued.
Petitioner demands judgment pursuant to CPLR article 78 directing the respondent to nullify and withdraw the judgments entered on September 25, 1989 by the respondent. Petitioner claims that the July 21, 1989 amendment to Labor Law § 220 may not be retroactively applied to respondent’s orders issued on March 4, 1987 and March 18, 1987. Petitioner further claims that prior to the amendments, a plenary action by the employees, or the Commissioner pursuant to an assignment of the employees’ claims, had to have been commenced in order to convert an administrative decision fixing amounts due for underpayment of prevailing wages and supplements *721 into a judgment. Under the amendments, the Commissioner need not acquire an assignment of the employees’ wage claims and need not commence a plenary action therein. Instead, and as noted above, the Commissioner may simply enter the administrative order as a judgment provided that no proceeding for judicial review of such order is pending and that the time for the commencement of such proceeding has expired. As a result, the employer loses his right to assert all defenses which would have been available to him in the plenary action because the necessity for commencing such action by the Commissioner is eliminated by the amendments. Petitioner argues that the retroactive application of the 1989 statutory amendments to the respondent’s March 1987 orders would deprive petitioner of its rights to due process — specifically, the right to assert defenses such as the Statute of Limitations, which here could act to preclude a judgment in favor of respondent. Finally, petitioner claims that because such amendments created a new remedy not previously possessed by the Commissioner, such amendments may not be applied retroactively. Under these circumstances, concludes petitioner, the Commissioner was not entitled to file the orders as judgments and to seek enforcement thereon.
In response respondent claims that the 1989 amendments to the sections under consideration are remedial and procedural in nature, and do no more than provide an additional or different remedy for the enforcement of existing obligations. Thus, argues respondent, they may be retroactively applied to these orders.
The general rule concerning retroactive application of statutes is that new laws are to be construed as prospective unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]). An exception to the general rule is that, to the extent that they do not impair vested rights or bestow new rights or remedies for a wrong where none previously existed, remedial statutes are to be given a retroactive construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 54; Coffman v Coffman, 60 AD2d 181). Procedural statutes qualify for the exception applicable to remedial statutes and will be applied to pending cases except as to matters and proceedings already concluded (McKinney’s Cons Laws of NY, Book 1, Statutes § 55; State of New York v Wolowitz, 96 AD2d 47; Rose Assocs. v Bernstein, 138 Misc 2d 1044). However, procedural statutes *722 may not retroactively create a remedy where none previously existed nor destroy rights already accrued (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 55; Dorfman v Leidner, 150 AD2d 935).
However, the court need not decide whether the 1989 amendments are "remedial”, "procedural” or created new rights in order to rule here. Even if one were to accept respondent’s contention that the subject amendments are remedial and procedural, or either, they may not be retroactively applied in this case because to do so would impair petitioner’s due process rights.
As noted above, respondent commenced a plenary action to obtain a judgment on the March 4, 1987 administrative order. Petitioner asserted therein the defense of the Statute of Limitations, a defense in bar which, if successful, would preclude the entry of a judgment in favor of the respondent. The right to a defense in bar is a vested right which may not be impaired by the retroactive application of a statutory amendment (Dorfman v Leidner, supra). Here, the respondent’s entry of this order as a judgment against the petitioner on September 25, 1989 pursuant to the July 21, 1989 amendments to section 220 et seq. of the Labor Law stripped the petitioner of a vested right — the Statute of Limitations defense it had asserted in the action begun by the Commissioner. Consequently, the Commissioner’s act was a violation of petitioner’s rights and will be set aside by the court.
There also can be no retroactive application of the subject amendments to the March 18, 1987 order of respondent, which fixed and determined the liability of the petitioner for violation of the Prevailing Wage and Hour Law on the Ridge project. Unlike the case of the March 4 order, no plenary action was commenced by the respondent to obtain a judgment on the March 18, 1987 order, and thus no answer has been filed by petitioner herein. Consequently, petitioner enjoys no "vested right” in a particular defense. However, respondent still may not avail herself of the abbreviated procedures provided by the 1989 amendments to the Labor Law because the March 18, 1987 Ridge project order did not involve the withholding of any moneys due the petitioner pursuant to Labor Law § 220-b. Thus, any plenary action by the complainants to enforce the March 18, 1987 order would have been governed by Labor Law § 220 rather than by Labor Law § 220-b. Labor Law § 220 (8) provides for an action to be commenced within six months after entry of a final order, as opposed to *723 the three years provided by section 220-b (3) (a). The applicable six-month Statute of Limitations expired in September of 1987. A statutory amendment may not be retroactively applied where the effect thereof would be to resurrect a claim that is time barred (Matter of Middleton v Board of Educ., 109 Misc 2d 1015; see also, Annotation, 79 ALR2d 1080). Accordingly, the entry of the March 18, 1987 order by the Commissioner is void as well.
In view of the foregoing, the petition is granted. The September 25, 1989 entry of the March 1987 orders as judgments in the office of the Suffolk County Clerk against respondent is hereby declared null and void, and respondent is permanently enjoined from enforcing such orders as so entered. A copy of the judgment to be entered herein shall be filed with the orders, and the clerk is directed to make appropriate notations in his docket.