■ JOHN BYRNES, Appellant, v W. NORMAN SCOTT, Respondent, et al., Defendant.—Order, Supreme Court, New York County (Stanley Sklar, J.), entered on November 21, 1989, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

On or about February 27, 1981, when the underlying medical malpractice action was commenced by the plaintiff against defendants Dr. W. Norman Scott and Lenox Hill Hospital, CPLR 308 (2) required that service of the summons on a person of suitable age and discretion at a defendant's place of business be followed by "mailing the summons to the person to be served at his last known residence." In 1987, the statute was amended (L 1987, ch 115) to permit the mailing to be made to the defendant at his actual place of business. Thus, prior to the 1987 amendment, mailing of the process to the defendant's business address, rather than to the defendant's last known residence, as plaintiff admittedly did in the case at bar, was a jurisdictional defect which mandated dismissal of the complaint *(Connell v Hayden,* 83 AD2d 30, 34).

We also find that the IAS court did not err in refusing to give retroactive effect to the amendment to CPLR 308 (2) on the authority of *Dorfman v Leidner* (150 AD2d 935, 936, *lv granted* 75 NY2d 705), wherein it was held that the amendment should not be given retroactive effect because the defendant had a vested right in the defense of lack of personal jurisdiction which may not be impaired by retrospective application of the amendment. *(Accord, Davidson v Community Gen. Hosp.,* 158 AD2d 748, *lv granted* 75 NY2d 711.) Concur— Ross, J. P., Rosenberger, Asch and Wallach, JJ.