■ JAMES M. GERRARD, Appellant, v KENNETH B. BRUYERE, Respondent.—Order unanimously modified on the law and facts and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: In this personal injury action, damages are sought by plaintiff for injuries allegedly sustained when he was struck by an automobile owned and operated by defendant. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint on the grounds of lack of jurisdiction and the bar of the Statute of Limitations.

The accident occurred on June 27, 1986. Commencing in 1986, settlement negotiations were entered into with defendant's insurer, but no settlement was reached. On April 24,

1989, counsel for plaintiff learned from the Department of Motor Vehicles that defendant's residence address was 12 East Main Street, Cambridge, New York 12816. At counsel's request, the Cambridge, New York postmaster verified the address and plaintiff's counsel received confirmation thereof on May 3, 1989. On May 15, 1989, plaintiff's counsel forwarded the summons and complaint to the Washington County Sheriff for service, thus extending the Statute of Limitations for 60 days (CPLR 203 [b] [5] [i]). According to the affidavit of service, a Deputy Sheriff unsuccessfully attempted to serve defendant at his residence on May 19, 1989 at 10:20 A.M., May 24, 1989 at 1:00 P.M., May 25, 1989 at 2:36 P.M., May 26, 1989 at 9:20 A.M., June 1, 1989 at 3:00 P.M., June 2, 1989 at 3:30 P.M. and June 6, 1989 at 9:46 A.M. On June 7, 1989, in accordance with the procedures prescribed in CPLR 308 (4), the Deputy availed himself of substituted service by affixing copies of the summons and complaint to defendant's residence and mailing copies to that address. Defendant acknowledges that he received the copy which had been affixed to his residence. On June 22, 1989, defendant's insurer acknowledged receipt of the summons and complaint, and requested and received the first of two extensions of time to submit an answer. By letter of June 28, 1989, defendant's insurer stated that the purpose of the request was "so that we may (continue our investigation of your client's claim; refer this matter to counsel)." A third extension of time was secured by defendant's counsel on August 25, 1989, one day before the Statute of Limitations, as extended, was to expire. On September 6, 1989, an answer was interposed containing the affirmative defenses of lack of jurisdiction and failure to commence the action within the time required by statute.

Thereafter, defendant moved for summary judgment on the ground that plaintiff failed to satisfy the statutory requirement that "due diligence" be exercised to effect service pursuant to CPLR 308 (1) and (2) before substituted service pursuant to CPLR 308 (4) may be utilized. In granting the motion and dismissing the complaint, Supreme Court concluded that the futile attempts at service made at defendant's home on weekdays during normal working hours were insufficient to establish "due diligence" as a prerequisite to "nail-and-mail" service.

Plaintiff argues not only that the "due diligence" standard was satisfied, but that defendant should be estopped from asserting the affirmative defenses because of the conduct of defendant's representatives in seeking multiple extensions of

time and in withholding the claim of defective service until after the Statute of Limitations had run *(see, Gilbert v Lehman,* 73 AD2d 793, 794). We need not address the estoppel issue because we find that defendant was effectively served with process. The Court of Appeals has made it clear that "in determining the question of whether due diligence has been exercised, no rigid rule could properly be prescribed" *(Barnes v City of New York,* 51 NY2d 906, 907; *see also, Feinstein v Bergner,* 48 NY2d 234, 238). On review of all of the facts and circumstances, we conclude that plaintiff satisfied the "due diligence" standard set forth in CPLR 308 (4) and that defendant was, therefore, properly served with process by use of the "nail-and-mail" method.

It follows from the foregoing that plaintiff's cross motion for an order authorizing service nunc pro tunc was unnecessary, and we thus affirm Supreme Court's denial of the cross motion. (Appeal from order of Supreme Court, Wyoming County, Dadd, J.—summary judgment.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.