■ DAVID A. BROWN, Appellant, v SAGAMORE HOTEL et al., Respondents. (And a Third-Party Action.)—Mercure. J. Appeal from an order of the Supreme Court (Dier, J.), entered July 26, 1991 in Warren County, which, *inter alia,* denied plaintiff's motion for partial summary judgment on the issue of liability.

In January 1985, plaintiff sustained injuries which resulted from a fall while he was employed in the construction of defendant Sagamore Hotel in the Town of Bolton, Warren County. Plaintiff was directed by his employer, third-party defendant L.F. Driscoll Company, to repair certain warped sections of the roof of the atrium leading into the Sagamore Conference Center. On the roof, two-by-four cleats were nailed horizontally approximately two feet apart, in a ladder fashion leading from the eaves of the roof to its peak. Plaintiff claims that when his foot touched the cleat closest to the peak of the roof it gave way, causing him to fall.

Plaintiff thereafter commenced this action against, among others, Green Island Associates, the equitable owner of the property, and Kennington Properties, Inc. (hereinafter collectively referred to as defendants). Plaintiff moved for summary judgment on the issue of liability under Labor Law § 240 (1) and defendants cross-moved for summary judgment dismissing the complaint upon jurisdictional and Statute of Limitations grounds. Defendants also sought judgment against L.F. Driscoll for indemnification. Supreme Court, finding genuine issues of material fact, denied the motions and this appeal by plaintiff followed.

At the outset, we note that Green Island is a partnership and Kennington, Norman Wolgin and Marion Wolgin are its general partners. Plaintiff claims that he obtained personal jurisdiction over defendants when the summons with notice was served upon the agent authorized to receive service by Kennington. Plaintiff also contends that he obtained personal

jurisdiction over Green Island by substituted service upon Norman Wolgin. According to Norman Wolgin's affidavit, he did not reside on Lake Shore Drive, Route 9N in Bolton Landing at the time service was attempted. There is other evidence in the record, however, that leads us to conclude that a question of fact exists as to whether service was properly made, requiring that a hearing be conducted. Nor are we able to determine, on this record, whether the alleged service upon an agent of Kennington provides a basis for personal jurisdiction over defendants within the Statute of Limitations. It is also our view that Supreme Court should have conducted an immediate hearing with respect to these issues (see, CPLR 3212 [c]; *Cannon v Putnam,* 76 NY2d 644, 647; *Rich v Lefkovits,* 56 NY2d 276, 282; *State of New York Higher Educ. Servs. Corp. v Starr,* 158 AD2d 771), rather than await the trial for the determination thereof (see, *Yannon v RCA Corp.,* 131 AD2d 843, 845; *Darienzo v Selbern Shoe Co.,* 41 AD2d 736, 737).

Moreover, on review of all the facts and circumstances, we reject defendants' contention that plaintiff's process server failed to exercise "due diligence" prior to attempting service of process upon Norman Wolgin pursuant to CPLR 308 (4) (see, *Gerrard v Bruyere,* 167 AD2d 903; *Mitchell v Mendez,* 107 AD2d 737). Similarly meritless is defendants' contention that substituted service on Norman Wolgin was not "complete" under CPLR 308 (4) for Statute of Limitations purposes until 10 days after filing of proof of service. "Where substituted service is made the statute of limitations stops running when the process is affixed to the defendant's home or place of business and another copy is mailed to him" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:4, at 311-312; see, *Donohue v Schwartz,* 174 AD2d 318).

We will withhold determination of the remaining issues herein pending Supreme Court's resolution of all issues relating to the fourth and fifth defenses asserted in the answer of defendants, and we remit the matter to Supreme Court for that purpose.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.