(May 23, 1994)

■ RUSSELL AINBINDER, Appellant, v R.C.R. CONTRACTING, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. MICHAEL P. DEL REY et al., Third-Party Defendants-Respondents. [612 NYS2d 209] —In an action to recover damages for personal injuries arising out of a motor vehicle accident, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered June 22, 1992, which, after a hearing on the question of service of process, granted the motion by the defendants R.C.R. Contracting, Inc., and Richard Rattler for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff attempted service upon the defendants R.C.R. Contracting, Inc., and its president Richard Rattler, by delivering copies of the summons and complaint to an unknown

and unidentified woman at Rattler's former residence and place of business. At a hearing, Rattler testified that he had moved from that location 14 months prior to the purported service of process.

Rattler was not properly served pursuant to CPLR 308 (2), which, at the time of service, required delivery of the summons and complaint within the State to a person of suitable age and discretion at the defendant's actual place of business, dwelling place, or usual place of abode, and mailing the summons to the defendant's last known residence (see, Byrnes v Scott, 167 AD2d 155; Schurr v Fillebrown, 146 AD2d 623; Matter of Gottesman, 127 AD2d 563; Connell v Hayden, 83 AD2d 30).

With regard to the defendant R.C.R. Contracting, Inc., service pursuant to CPLR 311 (1), which requires delivery to an officer, director, managing agent, cashier, or assistant cashier, was also defective, inasmuch as the process server testified that he merely entered the property which he believed to be the corporation's place of business and, without attempting to locate a suitable individual for service, simply delivered the summons and complaint to a woman known only as Alyssa "Doe" who did not indicate that she worked for the corporation or had any affiliation with it. Indeed, the unrefuted testimony was that there was no such individual employed at any time by the corporation and a tenant on the property testified that she found the summons and complaint on her front lawn. While service made in a manner reasonably calculated to give the corporation notice of the pendency of a suit may be sustained if the process server reasonably relies on the representations of a corporate employee (see, Fashion Page v Zurich Ins. Co., 50 NY2d 265, 272), in this case the failure of the process server to ascertain this unknown woman's status with regard to the corporation renders the service faulty. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.