# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**142**

**CA 16-00031**

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF EASTBROOKE CONDOMINIUM
BY ITS BOARD OF MANAGERS ON BEHALF OF ALL
HOMEOWNERS AND BRIGHTON EASTBROOKE HOMEOWNERS,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

ELAINE AINSWORTH, ASSESSOR, AND BOARD OF
ASSESSMENT REVIEW OF TOWN OF BRIGHTON,
RESPONDENTS-RESPONDENTS.

FOR REVIEW OF A TAX ASSESSMENT UNDER ARTICLE 7
OF THE REAL PROPERTY TAX LAW
(PROCEEDING NO. 1.)

---

IN THE MATTER OF EASTBROOKE CONDOMINIUM
BY ITS BOARD OF MANAGERS ON BEHALF OF ALL
UNIT OWNERS, PETITIONER-APPELLANT,

V

ELAINE AINSWORTH, ASSESSOR, AND BOARD OF
ASSESSMENT REVIEW OF TOWN OF BRIGHTON,
RESPONDENTS-RESPONDENTS.

FOR REVIEW OF A TAX ASSESSMENT UNDER ARTICLE 7
OF THE REAL PROPERTY TAX LAW
(PROCEEDING NO. 2.)

---

IN THE MATTER OF EASTBROOKE CONDOMINIUM
BY ITS BOARD OF MANAGERS ON BEHALF OF ALL
UNIT OWNERS, PETITIONER-APPELLANT,

V

TOWN OF BRIGHTON BOARD OF ASSESSMENT REVIEW,
ASSESSOR OF TOWN OF BRIGHTON AND TOWN OF
BRIGHTON, RESPONDENTS-RESPONDENTS.

FOR REVIEW OF A TAX ASSESSMENT UNDER ARTICLE 7
OF THE REAL PROPERTY TAX LAW
(PROCEEDING NO. 3.)
(APPEAL NO. 1.)

---

JACOBSON LAW FIRM, P.C., PITTSFORD (ROBERT L. JACOBSON OF COUNSEL),

FOR PETITIONER-APPELLANT.

DAVIDSON FINK, LLP, ROCHESTER (THOMAS A. FINK OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (John J. Ark, J.), entered March 27, 2015.  The
order and judgment, insofar as appealed from, limited the unit owners
who are entitled to tax refunds.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  Eastbrooke Condominium by its Board of Managers, on
behalf of all Homeowners and Brighton Eastbrooke Homeowners, and on
behalf of all Unit Owners (petitioner) commenced these proceedings
pursuant to RPTL article 7 challenging the tax assessments for
multiple tax years on the subject condominium property.  Pursuant to
Real Property Law § 339-y (4), the board of managers of a condominium
"may act as an agent of each unit owner who has given his written
authorization to seek administrative and judicial review of an
assessment."  Contrary to petitioner's contention, Supreme Court
properly determined that unit owners are required to give an
authorization for each tax year for which the assessment is
challenged, and a unit owner's authorization for one year did not give
the board of managers authorization to act as his or her agent for a
different year.

We reject petitioner's further contention that respondents waived
any deficiency in the unit owner authorizations.  Although an
objection that petitioner failed to comply with RPTL 706 (2) may be
waived if not asserted in a timely manner (see *Matter of Miller v
Board of Assessors*, 91 NY2d 82, 86; *Matter of Ames Dept. Stores v
Assessor of Town of Concord*, 102 AD2d 9, 13), here, petitioner
complied with that statute by attaching to the petitions the
authorization of petitioner's board of managers allowing petitioner's
attorney to act as its agent.  There was therefore no reason for
respondents to object to the petitions as defective.  The requirement
of Real Property Law § 339-y (4) that unit owners provide written
authorizations is a separate requirement, and objections made under
that statute are not subject to the waiver rule applicable to
objections made pursuant to RPTL 706 (2).  In addition, petitioner's
reliance on *Matter of Skuse v Town of S. Bristol* (99 AD2d 670, 670) in
support of its waiver argument is misplaced because, in that case, the
Town of South Bristol was seeking an outright dismissal of the
proceedings.  Here, respondents' motion in limine did not seek
dismissal of the petitions based on any defect, but the motion instead
sought an order determining that only unit owners who had signed an
authorization for a particular year had a right to receive a refund
for that year.  We agree with respondents that they did not waive any
determination on that matter.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court