Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered March 27, 2015. The order and judgment, insofar as appealed from, limited the unit owners who are entitled to tax refunds.
It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.
*1511 Memorandum: Eastbrooke Condominium by its Board of Managers, on behalf of all Homeowners and Brighton East-brooke Homeowners, and on behalf of all Unit Owners (petitioner) commenced these proceedings pursuant to RPTL article 7 challenging the tax assessments for multiple tax years on the subject condominium property. Pursuant to Real Property Law § 339-y (4), the board of managers of a condominium “may act as an agent of each unit owner who has given his written authorization to seek administrative and judicial review of an assessment.” Contrary to petitioner’s contention, Supreme Court properly determined that unit owners are required to give an authorization for each tax year for which the assessment is challenged, and a unit owner’s authorization for one year did not give the board of managers authorization to act as his or her agent for a different year.
We reject petitioner’s further contention that respondents waived any deficiency in the unit owner authorizations. Although an objection that petitioner failed to comply with RPTL 706 (2) may be waived if not asserted in a timely manner (see Matter of Miller v Board of Assessors, 91 NY2d 82, 86 [1997]; Matter of Ames Dept. Stores v Assessor of Town of Concord, 102 AD2d 9, 13 [1984]), here, petitioner complied with that statute by attaching to the petitions the authorization of petitioner’s board of managers allowing petitioner’s attorney to act as its agent. There was therefore no reason for respondents to object to the petitions as defective. The requirement of Real Property Law § 339-y (4) that unit owners provide written authorizations is a separate requirement, and objections made under that statute are not subject to the waiver rule applicable to objections made pursuant to RPTL 706 (2). In addition, petitioner’s reliance on Matter of Skuse v Town of S. Bristol (99 AD2d 670, 670 [1984]) in support of its waiver argument is misplaced because, in that case, the Town of South Bristol was seeking an outright dismissal of the proceedings. Here, respondents’ motion in limine did not seek dismissal of the petitions based on any defect, but the motion instead sought an order determining that only unit owners who had signed an authorization for a particular year had a right to receive a refund for that year. We agree with respondents that they did not waive any determination on that matter.
Present — Centra, J.P., Peradotto, Curran, Troutman and Scudder, JJ.