■ DONALD BOOTH et al., Respondents, v DAVID E. LIPTON, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 24, 1981, which (1) granted the plaintiffs' motion to strike the defendant's second affirmative defense alleging lack of personal jurisdiction, and (2) directed that the service of a copy of the complaint upon the defendant's attorneys pursuant to CPLR 308 (subd 5) be deemed good and sufficient service upon the defendant *nunc pro tunc* to the date of the original service, to wit: June 24, 1980. Order reversed, on the law, with $50 costs and disbursements, and motion denied. In this medical malpractice action against the defendant doctor for acts allegedly committed by him on or about October 21, 1978, plaintiffs attempted service upon the doctor on June 24, 1980 by delivery of a copy of the summons and verified complaint to a person of suitable age and discretion at the doctor's offices in Smithtown, New York, and by mailing a copy of the process to the same office address. Thereafter, on August 6, 1980, the defendant interposed an answer in which he pleaded, *inter alia,* lack of personal jurisdiction as an affirmative defense. On October 10, 1980, the plaintiffs moved, in the alternative, for an order striking that affirmative defense or authorizing "expedient" service upon the defendant's attorneys pursuant to CPLR 308 (subd 5). The motion was denied on December 3, 1980 with leave to renew, but it was not until June 29, 1981 (i.e., almost seven months later and approximately two months after the applicable Statute of Limitations had expired) that the plaintiffs so moved. Their motion was granted on August 24, 1981, and the defendant appeals. We reverse. Service upon the defendant was not properly made in the first instance, as this

court has repeatedly held that the "mailing" requirement of CPLR 308 (subd 2) is to be strictly construed and requires the mailing of process to a defendant's "last known residence" rather than his "actual place of business" (*Connell v Hayden,* 83 AD2d 30; *Chalk v Catholic Med. Center of Brooklyn & Queens,* 58 AD2d 822; see *Feinstein v Bergner,* 48 NY2d 234). Moreover, the direction of expedient service *nunc pro tunc* to the date of the original service (CPLR 308, subd 5) was unauthorized in this case, in the absence of any showing by the plaintiffs that service upon the defendant was "impracticable" under CPLR 308 (subds 1, 2, 4) at the time that the original service was attempted (see *Giordano v McMurtry,* 79 AD2d 548, affd 53 NY2d 962; *Todd v Todd,* 51 Misc 2d 94; *Totero v World Tel. Corp.,* 41 Misc 2d 594; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 308, p 215). Finally, we know of no authority which would sustain an order giving retroactive effect to a direction of *prospective* service to be made pursuant to CPLR 308 (subd 5) and entered *after* the applicable Statute of Limitations has expired (cf. *Totero v World Tel. Corp., supra*). For these reasons the order must be reversed, and the plaintiffs' motion denied. Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.