■ In the Matter of the Arbitration between NEW YORK TELEPHONE COMPANY, Appellant, and PENNSYLVANIA GENERAL INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered July 10, 1981 in Albany County, which denied petitioner's application, pursuant to CPLR 7511, to vacate an arbitration award. In December, 1977, one year following an automobile accident between respondent's insured and an employee of petitioner, respondent served petitioner with a notice of arbitration pursuant to section 674 of the Insurance Law. Petitioner answered through its general counsel's office, indicating that it would have a personal representative at the hearing, but requested that arbitration be stayed until conclusion of a pending civil action arising out of the same accident. Notification to the same effect was given the Albany Arbitration Committee. When the civil action was settled, the Albany Arbitration Committee sent a notice of hearing by three arbitrators to be held on December 17, 1980. The notice was sent, not to the office of petitioner's general counsel, but to petitioner's local office in Menands, and it was not received until December 9, 1980. For reasons unknown, petitioner's general counsel was not made aware of the notice, and consequently, there was no appearance on behalf of petitioner at the December 17 hearing. Respondent was permitted to make its submission to the panel by default, but only before two arbitrators. The third arbitrator arrived late for the hearing and did not participate in it or in the award. It is uncontested that there were serious procedural infirmities in this arbitration proceeding which

were not waived merely by petitioner's default in appearance at the hearing. There was no proof of timely notice in conformity with the applicable insurance regulation (11 NYCRR 65.10 [d] [3] [iii]). The failure of the committee to send the notice of the hearing to the attorney's office previously designated by petitioner violated CPLR 7506 (subd [d]). There is nothing in the record to refute the inference that the foregoing defects in notice contributed to petitioner's default in appearance. Moreover, conducting the hearing in the absence of the third arbitrator was in clear violation of CPLR 7506 (subd [e]). This provision incorporated the requirements of section 1456 of the Civil Practice Act (8 Weinstein-Korn-Miller, NY Civ Prac, par 7506.23), under which it was held essential to the making of a valid award that all arbitrators be present at the hearings (*Matter of Bullard v Grace Co.,* 240 NY 388; *Matter of Buitoni Prods. v Nappi,* 275 App Div 215; *Matter of Edmond Weil, Inc. [Khudabukhsh],* 73 NYS2d 707, affd 274 App Div 1053).[*] The proper procedure would have been either adjournment of the hearing to enable the third arbitrator to be present or appointment of a new arbitrator pursuant to CPLR 7504. Either course of action would have enhanced the likelihood of petitioner's receiving proper notice of a new hearing date, thereby avoiding a second default. For all of the foregoing reasons, Special Term erred in denying the petition to vacate the award. Order reversed, on the law, with costs, application granted and arbitration award vacated, and matter remitted to the Albany Arbitration Committee for a rescheduling of the arbitration and a determination of the issues in dispute. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

---

[*] CPLR 7506 (subd [f]) has added provision for waiver, but as previously indicated, no waiver occurred here.