■ HERBERT J. FABRICANT et al., Respondents, v R. T. I. REALTY CORP., Appellant. — In an action to recover attorney's fees, defendant appeals from an order of the Supreme Court, Orange County (Rosenblatt, J.), dated April 1, 1982, which denied its motion, pursuant to 22 NYCRR 28.12 (a), to vacate an arbitration award in favor of plaintiffs. Order reversed, on the law, without costs or disbursements, and matter remitted to Special Term for a new

determination after a hearing. The plaintiffs were awarded the sum of $1,701.75 after an arbitration in which defendant was marked as having "failed to appear". Defendant then moved to vacate the award on the ground of misconduct in procuring the award because of inadequate notice of the adjourned date of the hearing. Special Term denied the motion on the papers because defendant had "failed to *allege* facts which are sufficient to establish that its rights were prejudiced" (emphasis supplied). On appeal, the parties basically limit their argument to the correctness of this conclusion. The record reveals that the defendant's allegations were adequate to show a failure to give it timely notice of the purported adjourned date of the arbitration hearing; however, it also discloses sharp differences in the chronology of events relating to the attempts of the attorneys for the parties and the attorney serving as arbitrator to reschedule the arbitration hearing after the original date proved unworkable. In particular, we note that defense counsel's allegation that plaintiffs' counsel, through his secretary, initially rejected December 31, 1981 as an adjourned date was never disputed by plaintiffs' counsel in his affirmations. We also note that neither plaintiffs' counsel nor the arbitrator denied defense counsel's allegation that her office sent them copies of a letter to the Commissioner of Arbitration complaining of the difficulty encountered in fixing an adjourned date. Finally, we note that it is not possible to determine on these papers whether the arbitrator's December 28, 1981 notice of the December 31, 1981 adjourned date was reasonably calculated to apprise defense counsel that plaintiffs' attorney had changed his mind and agreed to that adjourned date when the notice was mailed to the former address of defense counsel's firm. Defense counsel claims prior notice of the firm's address change had been given to the arbitrator; the arbitrator denies this. In view of the sharp factual differences in the papers submitted in support of and in opposition to the motion, a hearing is required at which the parties' attorneys and the arbitrator can testify and be cross-examined on the issues raised in the papers relevant to defendant's failure to appear at the arbitration hearing. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.