OPINION OF THE COURT
Harold J. Hughes, J.
The court holds that the phrase “last known residence” used in CPLR 308 (subd 2) is synonymous with the term “last known address”, and that the failure to use the correct post-office address in mailing process to defendant results in the court not obtaining personal jurisdiction of the party upon whom service has been attempted.
This action is brought by plaintiff to recover for personal injuries she allegedly sustained on December 20, 1978, when her vehicle collided with an automobile owned and operated by defendant. The attempted service of process was pursuant to CPLR 308 (subd 2) which permits personal service upon a natural person “by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence”. According to the affidavit of the process server, he delivered a copy of a summons with notice to a person of *149 suitable age and discretion at defendant’s dwelling located at 1950 Central Avenue in the Town of Colonie, New York, on December 5, 1981. On December 9, 1981 the process server mailed a copy of the summons with notice to defendant at the address of 1950 Central Avenue, Colonie, New York. Defendant now moves to dismiss, alleging that he never received the mailed process, which was to be expected, since his post-office address at all times has been 1950 Central Avenue, Albany, New York 12205, and there is no such mailing address as Colonie, New York. Plaintiff argues that defendant actually resides in Colonie, New York, and despite the fact that there is no Colonie post office, the mailing was proper since the term “residence” as used in the statute is not the equivalent of a mailing address.
To obtain jurisdiction under CPLR 308 (subd 2), there must be strict compliance with both the delivery and mailing requirements (Booth v Lipton, 87 AD2d 856). Even if the defendant actually receives the summons, when the manner of service has not beeii as authorized by the statute, the court lacks personal jurisdiction (Feinstein v Bergner, 48 NY2d 234). The plaintiff has the burden of proof on the question of whether personal jurisdiction has been obtained (Saratoga Harness Racing Assn. v Moss, 26 AD2d 486, 490, affd 20 NY2d 733). Here, the plaintiff complied with the delivery requirement and the only dispute is whether there has been a proper mailing.
The court finds there has not been a proper mailing. The basis for that holding is found in volume 1 of Weinstein-Korn-Miller (NY Civ Prac, par 308.13a) as follows: “CPLR 308 (2) requires that after the summons is left with a person of suitable age and discretion a copy is to be mailed to the named defendant at his last known residence. Delivery and mailing are both essential in order to obtain jurisdiction of the defendant. Prior to the 1971 amendment (effective September 1,1971) subdivision (2) provided that a copy of the summons was to be mailed to the defendant’s last known ‘address’. The Judicial Conference stated that the change was stylistic and that no substantive effect was intended.” (p 3-215.)
*150 A court can take judicial notice of matters relating to the mail (21 NY Jur, Evidence, § 70, p 216), and the 1980-1981 New York Legislative Manual fails to disclose the existence of a post office or zip code for the Town of Colonie, New York. By mailing the summons with notice to a nonexistent post-office address the plaintiff failed to comply with CPLR 208 (subd 2), requiring the dismissal of the action for lack of personal jurisdiction of the defendant. While this result may appear harsh, the rule is that “[t]he notice which is an elementary and fundamental requirement of due process in any proceeding is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (20 NY Jur 2d, Constitutional Law, § 401, pp 582, 583.) To accept plaintiff’s construction of CPLR 308 (subd 2) as permitting mailing to nonexistent postal addresses could render the statute unconstitutional, since a notice sent to a nonexistent address is not reasonably calculated to apprise an interested party of the pendency of an action.
The motion of defendant for an order pursuant to CPLR 3211 (subd [a], par 8) dismissing the action upon the ground that the court lacks personal jurisdiction of defendant Mark J. La Pierre will be granted, without costs. The cross motion of plaintiff for an order dismissing the third and fifth affirmative defenses set forth in defendant’s answer will be denied, without costs.