■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY GRAHAM, Appellant. — Judgment unanimously affirmed. Memorandum: We conclude that defendant was properly sentenced to a definite term of one year as stated in the certificate of conviction (*People v Giordano*, 81 AD2d 1003, affd 56 NY2d 524). The sentencing minutes show that the Judge sentenced the defendant to a "definite sentence * * * for not more than one year". There is no indication that the Judge intended to sentence defendant for a period less than one year. Neither defendant nor his counsel made a request for clarification of the sentence as pronounced by the court, and his notice of appeal states that it is from a judgment "sentencing the defendant to a definite term of one year." (Appeal from judgment of Supreme Court, Erie County, Honan, J. — criminal possession of weapon, third degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ KAREN L. JUDGE, Now Known as KAREN J. ZAMPATORI, Appellant, v RONALD C. BRUCE et al., Respondents, et al., Defendant. — Order unanimously affirmed, without costs (see *Espy v Giorlando*, 85 AD2d 652, affd 56 NY2d 640; *Booth v Lipton*, 87 AD2d 856). (Appeal from order of Supreme Court, Monroe County, Patlow, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD SHACK-LEFORD, Appellant. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: A three-count indictment charged defendant with two counts of robbery, second degree, and one count of criminal possession of a weapon, fourth degree. After a nonjury trial the court convicted him of one count of robbery, second degree, under count two of the indictment, thus effectively acquitting him of the other two charges and dismissing those counts of the indictment. The People concede that the court erred in imposing sentences on all three charges (see CPL 380.20). The sentences imposed for robbery, second degree, under count one of the indictment and criminal possession of a weapon, fourth degree, under count three are vacated. On examination of the record we do not find the sentence imposed for robbery, second degree, under count two to be excessive. (Appeal from judgment of Erie County Court, Wolfgang, J. — robbery, second degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.

■ HARTFORD ACCIDENT & INDEMNITY COMPANY, as Subrogee of the Estate of ROGER SERVISS, Deceased, and Others, Respondent, v SENTRY INSURANCE COMPANY, Appellant. — Judgment unanimously affirmed, with costs (see *Cohn v Royal Globe Ins. Co.*, 67 AD2d 993, affd 49 NY2d 942). (Appeal from judgment of Supreme Court, Erie County, Kane, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.