■ KATHLEEN DONOHUE, Appellant, v MARK J. LA PIERRE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered February 16, 1983 in Albany County, which granted defendant's motion to dismiss the complaint on the ground of lack of jurisdiction and denied plaintiff's cross motion to dismiss the third and fifth affirmative defenses in defendant's answer. The sole issue in this personal injury case resulting from an automobile accident is whether service of process pursuant to CPLR 308 (subd 2) was proper where the process server mailed a copy of the summons to defendant addressed to him at "1950 Central Avenue, Colonie, New York". Special Term found that since there is no post office or zip code for the Town of Colonie, New York, plaintiff failed to comply with the statute, requiring dismissal for lack of jurisdiction. It appears that defendant resided at 1950 Central Avenue, but that the correct mailing address for that street number is "Albany, New York 12205". Special Term correctly held the phrase " 'last known residence' " specified for mailing in CPLR 308 (subd. 2), to be synonymous with the term " 'last known address' " (see *Feinstein v Bergner,* 48 NY2d 234, 240, n 4). It is conceded that provisions of the statute must be strictly complied with to properly effectuate service (*Glikman v Horowitz,* 66 AD2d 814). This includes compliance with both delivery and mailing (*Booth v Lipton,* 87 AD2d 856). However, we do not believe that the mailing requirement of the statute is only satisfied by using the exact mailing address pursuant to the regulations and organization of the United States Postal Service. In this case, it is unquestioned that defendant lived at 1950 Central Avenue in the Town of Colonie, New York, and not in the City of Albany. Thus, the address to which the summons was mailed was correct. Special Term's decision is based on the fact that, for reasons best known to itself, the United States Postal Service does not have a post office for the Town of Colonie, but routes mail for the residents of that town through post offices in several neighboring communities.[*] However, this does not detract from the fact that the place to which the summons was addressed was defendant's last known residence. In *Brownell v Feingold* (82 AD2d 844), it was held that where, despite an error in the address, it is virtually certain that the summons will arrive at defendant's last known residence, the mailing requirement of CPLR 308 (subd 2) is satisfied. In *Brownell,* the summons was addressed to a location in Bethpage, New York, when it should have been addressed to Old Bethpage, New York. Service was held to be proper despite the fact that the two towns are distinct and have separate post offices. In the instant case, the summons was addressed to a well-known street and town. Moreover, in opposition to defendant's motion, plaintiff offered proof that two envelopes mailed to specific residences in Colonie, New York, were received despite the fact that, for purposes of the organization of the United States Postal Service, they should have been addressed to Albany, New York, and Loudonville, New York. Finally, it should be noted that, at the scene of the accident, defendant reported his address to the police as 1950 Central Avenue, Colonie, New York

---

[*] Peculiarly, the United States Postal Service maintains and operates the General Mail Facility at 30 Old Karner Road in the Town of Colonie not far from 1950 Central Avenue. This facility services all of Colonie and all Albany "12205" mail, as well as other local areas.

12222. In our view, based upon the above-discussed reasons, the service of the summons was not defective. Accordingly, the order must be reversed. Order reversed, on the law, without costs, defendant's motion is denied and plaintiff's cross motion to dismiss the third and fifth affirmative defenses is granted. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur. [117 Misc 2d 148.]