■ HENRY TAFT, Respondent, v MICHAEL LESKO et al., Defendants, and MICHAEL KAMALIAN, Appellant. (And Three Third-Party Actions.)—Mercure, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) from two orders of the Supreme Court (Hickman, J.), entered January 25, 1991 and February 25, 1991 in Orange County, which, *inter alia*, upon renewal, denied defendant Michael Kamalian's motion for summary judgment dismissing the complaint against him.

Plaintiff commenced this action against, among others, defendant Michael Kamalian (hereinafter defendant) in June 1984 by serving a copy of the summons and complaint upon defendant's secretary at his office and mailing an additional copy to defendant, addressed to "Minisink Road, Goshen, New York 10924".* Following joinder of issue, defendant moved for summary judgment dismissing the complaint for lack of personal jurisdiction. Specifically, defendant alleged that he did not reside at the Minisink Road address and that he never received the copy of the summons and complaint alleged to have been mailed to him. Supreme Court initially granted defendant's motion, but plaintiff subsequently moved to renew

* Prior to a 1987 amendment (L 1987, ch 115), CPLR 308 (former [2]) required that the mailing be directed to the defendant's last known residence (*see, Davidson v Community Gen. Hosp.,* 158 AD2d 748, 749, *affd* 76 NY2d 956). Since that time, the statute has also permitted mailing to the defendant's actual place of business (CPLR 308 [2]).

upon the basis of an affidavit of Floyd Decker, the letter carrier who delivered mail to the Minisink Road area during June 1984. Decker averred that any letter addressed to defendant at Minisink Road would have been delivered to him. Supreme Court granted the renewal motion and ordered a traverse hearing. Following the hearing, Supreme Court found that defendant was properly served with process. Accordingly, it denied defendant's motion for summary judgment and struck defendant's affirmative defense of lack of personal jurisdiction. These appeals followed.

There should be an affirmance. Initially, we disagree with defendant that Supreme Court committed reversible error in granting plaintiff's motion for renewal. "On a motion to renew under CPLR 2221, a party must show new facts to support the motion, as well as a justifiable excuse for not initially placing such facts before the court" (*Lansing Research Corp. v Sybron Corp.*, 142 AD2d 816, 819; see, *Foley v Roche*, 68 AD2d 558, 568). Here, plaintiff's counsel established that the delay in producing the new evidence was caused by difficulty in locating Decker, who had retired from postal service without leaving any information from which he could be easily traced. Further, although Decker's affidavit was not as detailed as it might have been, it raised factual issues sufficient to justify the grant of renewal. Under the circumstances, we are disinclined to interfere with the court's exercise of discretion (see, *Vinciguerra v Jameson*, 153 AD2d 452, 454).

Similarly, we find no reason to disturb Supreme Court's conclusion after the traverse hearing that process was properly mailed to defendant's last known residence. At the hearing, Decker testified that he had worked at the post office in the Village of Goshen, Orange County, for 36 years and was the letter carrier who delivered mail to defendant's home in June 1984. He testified that during the relevant time period the street where defendant lived was alternatively known as Minisink Trail and Minisink Road, although it was later dedicated as Pine Tree Lane. He also stated that a letter addressed to defendant at Minisink Road would have been delivered to defendant's home. Given this testimony, there was an adequate basis for Supreme Court's conclusion that it was "virtually certain" that process was appropriately delivered to defendant's last known residence in satisfaction of CPLR 308 (2) (*Brownell v Feingold*, 82 AD2d 844; see, *Donohue v La Pierre*, 99 AD2d 570).

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Ordered that the orders are affirmed, with costs.