■ APOLLO REPRODUCTIONS, Appellant, v WEST 35TH STREET ASSOCIATES, Respondent.—Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered August 16, 1991, which granted defendant's motion to vacate an arbitration award, denied plaintiff's cross-motion to confirm the award, and remanded the matter for a new hearing, unanimously affirmed, with costs.

The IAS Court correctly concluded that defendant's counsel was entitled to notice from the arbitrator of the scheduled arbitration hearing. An arbitrator is obliged to send notice of an arbitration hearing to an attorney designated as representing one of the parties (CPLR 7506 [b], [d]; *Matter of New York Tel. Co. [Pennsylvania Gen. Ins. Co.],* 87 AD2d 956, 957). There being no dispute that defendant's counsel was never notified of the arbitration although the arbitrator had been informed of counsel's retention and specifically requested such notice, it is clear that defendant was prejudiced by a "failure to follow the procedure of [CPLR article 75]", and that grounds therefore exist for vacating the award and remanding the matter for a new hearing (CPLR 7511 [b] [1] [iv]).—Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.

■ In the Matter of PERRIE A. FORNEY v RENEE R. ROTH.— Application seeking a stay of all proceedings in Surrogate's Court, pending appeal purported to be taken by petitioner from an order of the Supreme Court, New York County *(sua sponte* converted to a proceeding in the nature of a writ of prohibition), unanimously denied and the proceeding dismissed, without costs, for lack of jurisdiction. *(See,* CPLR 7804 [b]; 506 [b].) The stay granted by a Justice of this Court on July 29, 1992 is vacated.—Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Asch, JJ.