■ CAROLINE RANKIN, an Infant, by JONATHAN E. RANKIN, Her Father and Natural Guardian, et al., Respondents, v DANIEL E. HARDING, Appellant. [594 NYS2d 910] —Casey, J. Appeals (1) from an order of the Supreme Court (Fischer, J.), entered March 27, 1992 in Tioga County, which, upon reconsideration, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered May 11, 1992 in Tioga County, which resettled the previous order.

On the evening of February 6, 1988 plaintiff Caroline Rankin (hereinafter plaintiff), who was then almost 16 years of age, attended a birthday party for defendant's daughter at defendant's home in Pennsylvania. As part of the birthday activities, plaintiff went "tubing" on defendant's property. "Tubing" consists of using an inflated inner tube as a sled to slide down a snow covered hill. On her third trip down the hill, plaintiff rode in the middle of the inner tube exposing her back through the hole in the tube while friends rode on each side of her. In the course of this ride, plaintiff was ejected from the tube and rendered a paraplegic. Plaintiff does not know what caused her to fly off of the tube. The hill was

covered with approximately four inches of snow and plaintiff does not recall that the tube was bouncing and does not remember anything sticking up from the ground that the tube struck.

As a result of her injuries, plaintiff and her father commenced this negligence action in Supreme Court, Tioga County. Defendant answered asserting, *inter alia,* that the action was barred pursuant to Pennsylvania Consolidated Statutes, title 68, § 477-1 *et seq.,* the recreational use statute of Pennsylvania. It provides: "Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of dangerous condition, use, structure, or activity on such premises to persons entering for such purposes" (68 Pa Cons Stat § 477-3). Furthermore:

"an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

"(1) Extend any assurance that the premises are safe for any purpose.

"(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

"(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act of omission of such persons" (68 Pa Cons Stat § 477-4).

This immunity does not apply "[f]or wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity" (68 Pa Cons Stat § 477-6 [1]). This legislation was passed for the express purpose of encouraging "owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes" (68 Pa Cons Stat § 477-1). The parties concede that Pennsylvania law applies and that no admission charge or other consideration was given for the privilege of tubing.

Asserting that there is no indication that he wilfully or maliciously failed to warn plaintiff of any dangers on his property, and that he was therefore immune from liability under the recreational use statute, defendant moved for summary judgment dismissing the complaint. In response to this motion, plaintiffs argued that there are triable issues of fact that preclude granting defendant's motion. Supreme Court (Rose, J.) found that the action was barred by the recreational use statute. Plaintiffs then changed counsel and appealed from

the order and judgment entered on Supreme Court's decision. Plaintiffs also moved for reconsideration. The appeals were ultimately dismissed as moot when plaintiffs' motion for reconsideration of the summary judgment motion was granted by Supreme Court (Fischer, J.) following reassignment of the case after Justice Rose disqualified himself. Supreme Court concluded that the motion for reconsideration should be granted and that the Pennsylvania recreational use statute did not apply because plaintiff was a social guest invited onto the property by defendant. An order was entered which, *inter alia,* granted the motion for reconsideration and denied summary judgment. The order was later resettled, giving rise to these appeals by defendant.

Inasmuch as Justice Rose recused himself from entertaining the motion for reconsideration, it was proper for Justice Fischer to consider the motion *(see,* CPLR 2221). As to the renewal aspect of the motion, plaintiffs failed to demonstrate the existence of new facts and a justifiable excuse for not placing such facts before the court upon the original motion *(compare, Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819, *with Taft v Lesko,* 182 AD2d 1008, 1009). As to the reargument aspect of the motion, plaintiffs bore the burden of establishing that Supreme Court (Rose, J.) misapprehended the facts or misapplied controlling law *(see, Foley v Roche,* 68 AD2d 558, 567). Nevertheless, because of the unique procedural posture of this case, and to serve the interest of judicial economy, we will assume that plaintiffs met their burden and that reargument was appropriate, so that we can proceed to the merits of defendant's motion for summary judgment.

On the merits, we conclude that Supreme Court (Rose, J.) correctly held Pennsylvania's recreational use statute applicable to the undisputed facts of this case to effectively immunize defendant from liability for the injuries alleged by plaintiffs. Supreme Court (Fischer, J.) therefore erred in failing to adhere to the earlier decision. Although "tubing" is not specifically listed in the Pennsylvania recreational use statute, we conclude that it qualifies as an outdoor winter recreational use within the meaning of the statute *(see, Commonwealth of Pa. Dept. of Envtl. Resources v Auresto,* 511 Pa 73, 511 A2d 815; *Gallo v Yamaha Motor Corp.,* 363 Pa Super 308, 526 A2d 359, *allowance denied* 517 Pa 623, 538 A2d 876; *see also, Jordan v K-Mart Corp.,* 417 Pa Super 186, 611 A2d 1328), and the statute is applicable to defendant's land, which consisted of a large open field of farm land *(see, Rivera v Philadelphia Theol. Seminary of St. Charles Borromeo,* 510 Pa 1, 15, 507

A2d 1, 8). The question of whether the statute is applicable to social guests was not raised on the original motion and, therefore, Supreme Court (Fischer, J.) erred in considering the issue on the motion to reargue *(see, Foley v Roche, supra,* at 567-568). In any event, the Wisconsin case relied upon by Supreme Court (Fischer, J.) *(LePoidevin v Wilson,* 111 Wis 2d 116, 330 NW2d 555) construed a statute which, in contrast to the Pennsylvania statute at issue here, did not refer to landowners who directly or indirectly invite persons onto their property.

Having concluded that the Pennsylvania recreational use statute is applicable to this case, our inquiry must focus on whether the evidence established as a matter of law that defendant did not act wilfully or maliciously in failing to warn of any dangerous condition on the property (68 Pa Cons Stat § 477-6 [1]; *see, Jones v Cheltenham Twp.,* 117 Pa Commw 440, 543 A2d 1258; *Baran v Pagnotti Enters.,* 402 Pa Super 298, 586 A2d 978). Defendant alleges that he was unaware of any dangerous condition and the evidence submitted by plaintiffs is insufficient to raise a question of fact on this issue. Plaintiffs have also failed to present sufficient evidence to demonstrate that the accident was caused by a dangerous condition on the property.

Mikoll, J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order entered May 11, 1992 is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiffs' motion to renew, and by deleting therefrom the second and third decretal paragraphs; substituted therefor is a provision that upon reargument the court adheres to the prior determination embodied in the order entered September 4, 1990 and the judgment entered September 7, 1990; and, as so modified, affirmed. Ordered that the appeal from order entered March 27, 1992 is dismissed, as moot.