■ In the Matter of the Arbitration between JOHN CONNOLLY, Appellant, and ALLSTATE INSURANCE COMPANY, Respondent. [623 NYS2d 373] —White, J. Appeals (1) from an order of the Supreme Court (Peters, J.), entered June 23, 1993 in Sullivan County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and (2) from an order of said court, entered October 28, 1993 in Sullivan County, which denied petitioner's motion for reconsideration.

In this proceeding petitioner seeks an order pursuant to CPLR article 75 vacating an arbitration award rendered by the American Arbitration Association (hereinafter AAA), which denied petitioner's no-fault claims. Petitioner was insured by respondent under an automobile liability policy containing no-fault coverage, and as a result of an accident in February 1991 he received no-fault payments until July 22, 1991, when respondent denied the claim and terminated payments. Petitioner thereupon filed a demand for arbitration and the AAA scheduled a hearing for November 16, 1992, but upon the request of petitioner's attorney and with the consent of respondent, the matter was adjourned. On January 28, 1993, petitioner was served with an arbitration award denying his claim, stating that neither petitioner nor his attorney appeared at the hearing. The record indicates that the AAA adjourned the initial hearing until January 25, 1993, and that a notification was sent to both parties; however, the address for petitioner's law firm, to whom petitioner's notice was sent, listed an incorrect post office box number and the attorneys deny receiving this notice, although similarly misaddressed mailings had been received by them.

A motion to vacate the arbitration award was denied by Supreme Court, which found that it was virtually certain that the notice adjourning the AAA hearing to January 25, 1993 had been received by petitioner's attorneys. A subsequent motion for reconsideration was also denied on the ground that petitioner failed to show a justifiable excuse for not placing an affidavit of the postmaster before the court at the time of the original motion.

CPLR 7506 (b) and the applicable regulations (11 NYCRR 65.7 [a] [8]) provide that an arbitrator shall appoint a time and place for the hearing and notify the parties in writing personally or by registered or certified mail prior to the hearing, which may be adjourned or postponed, and if, as here, a party is represented by an attorney, the papers shall be served on counsel as well.

It is a long-standing rule that a letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee (see, Trusts & Guar. Co. v Barnhardt, 270 NY 350), and although denial of receipt standing alone is insufficient to rebut the presumption, a denial coupled with a showing of failure to follow proper procedures may be sufficient to defeat this presumption (see, Nassau Ins. Co. v Murray, 46 NY2d 828). Respondent argues that proper service can be inferred when it is a virtual certainty that the letter was delivered. We note, however, that the cases supporting this principle generally contain supporting testimony or affidavits from local postal officials (see, Taft v Lesko, 182 AD2d 1008; Brownell v Feingold, 82 AD2d 844).

In the present case, in view of counsel's denial of receipt of the notice of adjournment, the fact that said notice was improperly addressed and our stated preference for the resolution of cases on the merits (see, Davies v Contel, 155 AD2d 809, 810; Tiger v Town of Bolton, 150 AD2d 889, 890), we find that petitioner was prejudiced by the failure to follow procedures established in CPLR article 75 and that grounds exist for vacating the award and remitting the matter for a new hearing (see, Apollo Reproductions v West 35th St. Assocs., 186 AD2d 52; Fabricant v R.T.I. Realty Corp., 91 AD2d 623).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and petition granted.