■ CITIBANK, N.A., Respondent, v YVES HARRIS et al., Defendants, and GRACIEUSE COLON, Appellant. [694 NYS2d 416] —In an action to foreclose a mortgage, the defendant Gracieuse Colon appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated May 11, 1998, which denied her motion to vacate a judgment of foreclosure and sale dated February 6, 1998.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the judgment of foreclosure and sale dated February 6, 1998, is vacated as to the appellant, the complaint is dismissed insofar as asserted against her, and the action against the remaining defendants is severed.

This Court has observed that "the 'mailing' requirement of CPLR 308 (subd 2) is to be strictly construed" (*Booth v Lipton,* 87 AD2d 856, 857; *see, Matter of Gottesman,* 127 AD2d 563, 564; *Connell v Hayden,* 83 AD2d 30, 34; *cf., Feinstein v Bergner,* 48 NY2d 234; *Donohue v La Pierre,* 99 AD2d 570). Here, the record reveals that the plaintiff's process server mailed the summons and complaint, in purported conformity with CPLR 308 (2), to an address that was not the appellant's last known residence. Therefore, the service was defective and the appel-

lant's motion to vacate her default must be granted (*cf., Sapienza v Haag,* 89 AD2d 816). Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.