■ Federal Home Loan Mortgage Corporation, Respondent, v Donald MacPherson, Appellant, et al., Defendants. Gary E. Kelley, Intervenor-Respondent. [717 NYS2d 234] —In an action to foreclose a mortgage, the defendant Donald MacPherson appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated November 17, 1999, which denied his motion to vacate a prior judgment of the same court, dated April 9, 1997, entered upon his default in answering.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of holding a hearing on the issue of whether personal jurisdiction was obtained over the appellant, and thereafter for a new determination of his motion.

The appellant submitted a sworn statement that he never found a summons and complaint allegedly affixed to the door of his apartment on Varick Street in Manhattan. This statement contradicts the assertion made by the plaintiff's process server that the summons and complaint were affixed to that door on May 23, 1996, as part of service pursuant to CPLR 308 (4). A hearing is necessary to resolve this issue of fact (*see, Norwest Bank Minn. v Galasso*, 275 AD2d 400; *Hopkins v Tinghino*, 248 AD2d 794). A hearing is also required to resolve the issue of whether the process server used due diligence in attempting alternate methods of service before resorting to service pursuant to CPLR 308 (4).

Contrary to the argument advanced by the plaintiff and the

intervenor, the denial of the appellant's motion cannot be justified on the basis of laches (*see, Berlin v Sordillo,* 179 AD2d 717; *Foley Mach. Co. v Amaco Constr. Corp.,* 126 AD2d 603; *Matter of Roberts,* 19 AD2d 391; *Wheelock v Wheelock,* 3 AD2d 25, *affd* 4 NY2d 706; 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.10; Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:3, at 465). There is no merit to the intervenor's contention that it would be inequitable to invalidate the judgment of foreclosure on jurisdictional grounds.

We reject, however, the defendant's argument that he is entitled to vacatur of the judgment on the ground that the notice of the foreclosure sale was published in the newspaper entitled "The Long Island Catholic" (*see, Marine Midland Bank v Landsdowne Mgt. Assocs.,* 193 AD2d 1091; *OCI Mtge. Corp. v Bubeck,* 250 AD2d 581; *CME Group v Cellini,* 173 Misc 2d 404). Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.