■ U.S. BANK NATIONAL ASSOCIATION, Formerly Known as FIRST BANK NATIONAL ASSOCIATION TRUST, Respondent, v WALLACE VANVLIET, Also Known as WALLACE VAN VLIET, Appellant. JOSEPH DARMETKO, Respondent. [805 NYS2d 459]—

---

Mercure, J.P. Appeal from an order of the Supreme Court (Clemente, J.), entered June 21, 2004 in Sullivan County, which, inter alia, denied defendant's motion to vacate judgments of foreclosure and sale.

In 1999, defendant granted EquiCredit Corporation of New York a mortgage on his property in Bloomingburg, Sullivan County, in exchange for $80,000. Thereafter, EquiCredit assigned the mortgage to plaintiff. In March 2003, defendant defaulted on his mortgage payments and, pursuant to the terms of the mortgage, two letters were sent to him indicating that plaintiff would commence foreclosure proceedings if the unpaid balance on the loan was not paid within 30 days. The letters were sent to the purported address of the mortgaged property and to a commercial mailing agency that defendant had designated to receive such notices. When defendant failed to repay the balance of the loan within 30 days, plaintiff initiated a foreclosure action. A process server delivered process to defendant's wife at the address to which the post office delivered his mail. The server, pursuant to CPLR 308 (2), also mailed a copy of process to defendant at that street address but failed to designate the proper town and zip code.

A notice of sale was subsequently issued and defendant's property was ultimately sold in December 2003 to plaintiff. Three months later, Joseph Darmetko purchased the property after conducting a title search to ensure that there were no outstanding claims on the land. Defendant thereafter brought an order to show cause to vacate the judgment of foreclosure and sale. Supreme Court, in a decision addressing both this action and an unrelated challenge to a separate foreclosure judgment, denied defendant's motion. Defendant appeals. Inasmuch as a traverse hearing is required to determine whether defendant was properly served with process, we now reverse.

Personal jurisdiction is obtained over a defendant if the summons is delivered "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence" (CPLR 308 [2]). CPLR 308 (2) requires strict compliance and, thus, even a defendant's subsequent receipt of actual notice of a lawsuit will not cure a defect or confer jurisdiction upon the court (*see Raschel v Rish,* 69 NY2d 694, 697 [1986]; *Feinstein v Bergner,* 48 NY2d 234, 241 [1979]). While a process

server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service (*see Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343, 344 [2003]), a defendant may rebut that affidavit with a "detailed and specific contradiction of the allegations in the process server's affidavit" sufficient to create a question of fact warranting a hearing (*id.* at 344; *see Federal Home Loan Mtge. Corp. v MacPherson,* 277 AD2d 418, 418 [2000]).

Here, defendant submitted an affidavit claiming, without proof, that he was estranged from his wife and had not lived at the marital residence for several years. Therefore, defendant maintains, service was not made at his "dwelling place" or "usual place of abode" within the meaning of CPLR 308 (2) (*see generally Feinstein v Bergner, supra* at 239-241). It is undisputed, however, that defendant continued to represent the marital residence as his address both to the post office *and plaintiff* even after process was served, and requested that plaintiff send him documentation regarding the mortgage at that address. Accordingly, defendant is estopped from claiming that the marital residence was not his actual abode under CPLR 308 (2) (*see New York State Elec. & Gas Corp. v Allen,* 246 AD2d 855, 856 [1998]; *McNeil v Tomlin,* 82 AD2d 825, 825-826 [1981]; *see also Federal Home Loan Mtge. Corp. v Venticinque,* 230 AD2d 412, 414-415 [1997]; *cf. Feinstein v Bergner, supra* at 241; *Esposito v Billings,* 103 AD2d 956, 956-957 [1984]).

Nevertheless, the same evidence establishes defendant's further claim in his affidavit that the mailed summons bore the incorrect town and zip code designation. Although the mailing requirement of CPLR 308 (2) does not mandate that "the exact mailing address pursuant to the regulations and organization of the United States Postal Service" be used, the requirement is not satisfied unless "it is virtually certain that the summons will arrive at defendant's last known residence" (*Donohue v La Pierre,* 99 AD2d 570, 570 [1984]; *see Taft v Lesko,* 182 AD2d 1008, 1009 [1992]). In the absence of any supporting testimony or affidavits from local postal officials or any other nonhearsay evidence establishing that mail sent to "Monroe, NY 10950" will reach "Chester, NY 10918," a hearing is required to determine whether personal jurisdiction was obtained over defendant (*see Federal Home Loan Mtge. Corp. v MacPherson, supra* at 418; *Avakian v De Los Santos,* 183 AD2d 687, 687-688 [1992]; *see also Citibank v Harris,* 264 AD2d 377, 377 [1999]; *Matter of Connolly [Allstate Ins. Co.],* 213 AD2d 787, 788 [1995]; *cf. Taft v Lesko, supra* at 1009; *Brownell v Feingold,* 82 AD2d 844, 844 [1981]).

In light of our decision, it is not necessary for us to reach defendant's remaining procedural challenges to the foreclosure sale (*see generally* CPLR 317, 5015 [a] [1]; Siegel, NY Prac § 108, at 187 [3d ed]). We note that should Supreme Court determine that jurisdiction was not obtained over defendant, inasmuch as it is undisputed that Darmetko was a good-faith purchaser for value, the court may direct that defendant is relegated to monetary restitution (*see* CPLR 5015 [d]; 5523; *see generally Da Silva v Musso,* 76 NY2d 436, 440-441 [1990]; *Aubrey Equities v Goldberg,* 247 AD2d 253, 253 [1998], *lv denied* 92 NY2d 802 [1998]).

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for the purpose of holding a hearing on the issue of whether personal jurisdiction was obtained over defendant, and thereafter for a new determination of his motion.