Broder v Pallotta & Assoc. Dev., Inc. (2020 NY Slip Op 04821)





Broder v Pallotta & Assoc. Dev., Inc.


2020 NY Slip Op 04821


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-14488
2019-06823
 (Index No. 64309/14)

[*1]Howard Broder, appellant, 
v
Pallotta & Associates Development, Inc., et al., respondents, et al, defendants.


Kilpatrick Townsend & Stockton LLP, New York, NY (Keith M. Brandofino, Maximiliano Rinaldi, and David V. Mignardi of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Elaine Barraga of counsel), for respondent County of Suffolk.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an amended order of the Supreme Court, Suffolk County (James Hudson, J.), entered November 14, 2018, and (2) an order of the same court entered April 16, 2019. The amended order, insofar as appealed from, denied that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and to confirm the referee's report, and granted that branch of the cross motion of the defendant County of Suffolk which was, in effect, to dismiss the amended complaint insofar as asserted against it. The order entered April 16, 2019, insofar as appealed from, upon reargument, adhered to the determination in the amended order denying that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and to confirm the referee's report, and granting that branch of the cross motion of the defendant County of Suffolk which was, in effect, to dismiss the amended complaint insofar as asserted against it.
ORDERED that the appeal from the amended order entered November 14, 2018, is dismissed, as the portion of the amended order appealed from was superseded by the order entered April 16, 2019, made upon reargument; and it is further,
ORDERED that the order entered April 16, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant County of Suffolk.
On October 15, 2007, at an auction held by the County of Suffolk for the sale of surplus County property, the defendant Gerard A. Pallotta was the successful bidder on the subject property with a bid of $9,000. The bargain and sale deed conveying the property from Suffolk County to Pallotta (hereinafter the County-Pallotta deed), recorded on December 24, 2008, contained a restrictive covenant, to run with the land, that proscribed the grantee from improving the property "by the erection of any structure."
In early 2009, Pallotta obtained approval from the Town of Babylon Zoning Board of Appeals for variances permitting him to build a single-family home on the property. On April 9, 2009, he was issued a building permit by the Town of Babylon.
On April 17, 2009, Pallotta conveyed the property to the defendant Pallotta & Associates Development, Inc. (hereinafter P & A), by a deed (hereinafter the Pallotta-P & A deed) that omitted the restrictive covenant prohibiting development of the property. On the same date, P & A and the plaintiff, Howard Broder, entered into a building loan contract/mortgage pursuant to which Broder agreed to lend P & A up to $175,000 for the construction of a single-family, two-story dwelling on the property. P & A defaulted in its mortgage payments on or about October 17, 2010.
On November 17, 2010, the County commenced an action (hereinafter the related action) against Pallotta and P & A (hereinafter together the Pallotta defendants), and Broder, asserting six causes of action. The first four causes of action, asserted against the Pallotta defendants, sought, inter alia, a permanent injunction directing the removal of the improvements from the property, and a judgment declaring the County-Pallotta deed void and the County the fee owner of the property. The fifth and sixth causes of action, asserted against Broder, sought the cancellation and discharge of the mortgage pursuant to Real Property Law § 291, and a judgment declaring the mortgage void on the ground that Broder had facilitated the Pallotta defendants' breach of the restrictive covenant.
In the related action, Broder moved for summary judgment dismissing the fifth and sixth causes of action. The County opposed the motion and cross-moved for summary judgment on the complaint. In an order dated March 7, 2016 (hereinafter the March 2016 order), the Supreme Court granted Broder's motion for summary judgment dismissing the fifth and sixth causes of action. The court also granted the County's cross motion to the extent of awarding it summary judgment rescinding the sale of the property and the County-Pallotta and Pallotta-P & A deeds, declaring the County the fee owner of the property, and directing that the County could "take all steps necessary to reassert its ownership of the property." Further, so as to "adjust the equities between the parties to avoid unjust enrichment (CPLR 3004) in order that no one be placed in a better position after rescission than when the contract was executed," the court directed the County to return the $9,000 purchase price for the property to Pallotta. No appeal was taken.
In 2014, Broder commenced the instant action to foreclose the mortgage against the Pallotta defendants and the County, among others. Thereafter, in August 2016, the Supreme Court issued an order appointing a referee to compute the amounts due and owing Broder. In September 2016, Broder moved, among other things, for a judgment of foreclosure and sale and to confirm the referee's report. The County opposed the motion and cross-moved, inter alia, in effect, to dismiss the amended complaint insofar as asserted against it.
In an amended order entered November 14, 2018, the Supreme Court, among other things, denied that branch of Broder's motion and granted that branch of the County's cross motion. By order entered April 16, 2019, the court, upon reargument, adhered to its original determination. Broder appeals from both orders.
In the orders appealed from, the Supreme Court determined, inter alia, that, based upon the March 2016 order in the related action, there were "no issues of material fact nor equities to be determined between the County of Suffolk and Howard Broder." We agree with the court that the March 2016 order, awarding summary judgment to the County, determined the rights of the parties as a matter of law.
As an initial matter, the doctrine at issue here is that of collateral estoppel, "a narrower species of res judicata, [which] precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). Collateral estoppel allows "the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided" (Gramatan Home Invs. Corp. v Lopez, 46 [*2]NY2d 481, 485; see Ryan v New York Tel. Co., 62 NY2d at 500).
In the March 2016 order, the Supreme Court, in the related action, among other things, granted those branches of the County's cross motion which were for summary judgment rescinding the sale of the subject property, as well as the County-Pallotta deed and the Pallotta-P & A deed. "The effect of rescission is to declare the contract void from its inception and to put or restore the parties to status quo" (Cusack v American Defense Sys., Inc., 86 AD3d 586, 588; see County of Orange v Grier, 30 AD3d 556, 557). "If documents purportedly conveying a property interest are void, they convey nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (First Natl. Bank of Nev. v Williams, 74 AD3d 740, 742; see Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862, 863).
Here, by granting the County the remedy of rescission in the March 2016 order, the Supreme Court implicitly held void both the County-Pallotta deed and the Pallotta-P & A deed. As a consequence of that determination, from which no party appealed, the subject mortgage was invalid as against the County (see HSBC Bank USA, N.A. v Parker, 180 AD3d 1026). " [A] lender who takes a mortgage to a property subject to a void deed does not have anything to mortgage, so the lender's mortgage is invalid as well'" (id. at 1028, quoting Weiss v Phillips, 157 AD3d 1, 10). Accordingly, the doctrine of collateral estoppel applied to preclude Broder, who was a party to the related action, and who did not appeal from the March 2016 order, from relitigating the issue of the mortgage's validity (see Ryan v New York Tel. Co., 62 NY2d at 500; Gramatan Home Invs. Corp. v Lopez, 46 NY2d at 485). Since Broder "sought to foreclose a void mortgage, the complaint by which [he] commenced [the instant] foreclosure action and attempted to accelerate the debt was also a nullity" (Commonwealth Land Tit. Ins. Co. v Prado, 176 AD3d 1164, 1167). Under these circumstances, Broder's recourse, if any, is against Pallotta and P & A, but not the County (see Filowick v Long, 201 AD2d 893, 893). Accordingly, we agree with the Supreme Court's determination in the instant action, upon reargument, to adhere to its original determination granting that branch of the County's cross motion which, in effect, was to dismiss the amended complaint insofar as asserted against it.
Since, contrary to Broder's contention, the underlying Pallotta-P & A deed was held void, rather than voidable, Broder's alleged status as a bona fide encumbrancer is irrelevant. "A bona fide encumbrancer is only protected when the challenged conveyance is voidable, not when it is void" (Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d at 864). Where, as here, the deed is void, "the interests of subsequent bona fide purchasers or encumbrancers for value are not protected under Real Property Law § 266" (id.).
Broder's remaining contentions are without merit.
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court