Deutsche Bank Natl. Trust Co. v Ennis (2025 NY Slip Op 01787)

Deutsche Bank Natl. Trust Co. v Ennis

2025 NY Slip Op 01787

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
HELEN VOUTSINAS, JJ.

2022-02690
 (Index No. 5071/13)

[*1]Deutsche Bank National Trust Company, etc., plaintiff, 
v
Amal Ennis, et al., defendants, Tyhesha Bennett, respondent; Milk & Honey Land, Inc., nonparty-appellant.

Goldberg Segalla LLP, Buffalo, NY (James M. Specyal, Marc W. Brown, and William T. O'Connell of counsel), for nonparty-appellant.
Clair Gjersten & Weathers PLLC, White Plains, NY (Brett M. Milchman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Milk & Honey Land, Inc., appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered February 22, 2022. The order, insofar as appealed from, granted the motion of the defendant Tyhesha Bennett, inter alia, to vacate an order of reference of the same court (Thomas A. Adams, J.) entered November 9, 2016, and an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered November 16, 2017, to set aside the foreclosure sale of the subject property, to vacate a referee's deed to the plaintiff and a special warranty deed to nonparty Milk & Honey Land, Inc., and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2006, the defendant Amal Ennis executed a note that was secured by a mortgage on certain real property located in Uniondale. Thereafter, Ennis transferred ownership of the property to the defendant Tyhesha Bennett. In April 2013, the plaintiff commenced this action to foreclose the mortgage against Ennis, among others. The plaintiff did not name Bennett as a defendant. On November 9, 2016, upon the plaintiff's motion, the Supreme Court entered an ex parte order of reference. On November 16, 2017, an order and judgment of foreclosure and sale was entered, among other things, directing the sale of the property. On May 1, 2018, the property was sold to the plaintiff at a foreclosure sale and purportedly conveyed to the plaintiff by referee's deed dated May 23, 2018. In September 2018, the plaintiff served Bennett with a copy of the summons and complaint. The plaintiff then moved to amend the caption to add Bennett as a defendant and pursuant to CPLR 306-b to validate the late service upon her nunc pro tunc. By order entered January 28, 2019, the court granted the plaintiff's motion without opposition. On October 29, 2019, the plaintiff executed a special warranty deed purportedly conveying the property to nonparty Milk & Honey Land, Inc. (hereinafter MHL).
In or around January 2020, Bennett moved, inter alia, to vacate the order of reference and the order and judgment of foreclosure and sale, to set aside the foreclosure sale of the property, [*2]to vacate the referee's deed and the special warranty deed, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. MHL and the plaintiff separately opposed the motion. By order entered February 22, 2022, the Supreme Court, among other things, granted Bennett's motion. MHL appeals.
Pursuant to RPAPL 1311(1), the plaintiff in a mortgage foreclosure action is required to join, as a party defendant, any person having a fee interest in the property "whose interest is claimed to be subject and subordinate to the plaintiff's lien." Here, as the record owner of the property, Bennett was a necessary party to the instant foreclosure action (see CPLR 1001[a]; RPAPL 1311[1]; Bancplus Mtge. Corp. v Galloway, 203 AD2d 222). "The absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party" (6820 Ridge Realty v Goldman, 263 AD2d 22, 26; see U.S. Bank N.A. v Lomuto, 198 AD3d 707, 708; Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882).
The Supreme Court properly determined, inasmuch as Bennett's rights were unaffected by the sale of the property, that the sale was void and the resulting referee's deed to the plaintiff and the special warranty deed to MHL were invalid. Contrary to MHL's contention, the doctrine of laches cannot be used to defeat an application to vacate a judgment that was issued in the absence of personal jurisdiction (see Federal Home Loan Mtge. Corp. v MacPherson, 277 AD2d 418; Berlin v Sordillo, 179 AD2d 717). MHL incorrectly argues that the relief sought in Bennett's motion was unavailable because MHL was a bona fide purchaser for value (cf. Matter of Huntington Hebrew Congregation of Huntington v Tanenbaum, 62 AD3d 704). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (Emigrant Bank v Drimmer, 171 AD3d 1132, 1134 [internal quotation marks omitted]). Moreover, "'[i]f a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing'" (HSBC Bank USA, N.A. v Parker, 180 AD3d 1026, 1028, quoting Ortiz v Silver Invs., 165 AD3d 1156, 1157; see Broder v Pallotta & Assoc. Dev., Inc., 186 AD3d 1189, 1192-1193).
Contrary to MHL's further contention, upon granting those branches of Bennett's motion which were to vacate the order of reference and the order and judgment of foreclosure and sale, to set aside the foreclosure sale of the property, and to vacate the resulting deeds, the Supreme Court properly granted that branch of Bennett's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. CPLR 3215 permits a plaintiff to seek a default judgment against a defendant who does not appear, but, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned" (id. § 3215[c]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [citation and internal quotation marks omitted]). "To avoid dismissal pursuant to CPLR 3215(c), '[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default . . . [n]or is a plaintiff required to specifically seek the entry of a judgment within a year'" (Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620, quoting US Bank N.A. v Dorestant, 131 AD3d 467, 469).
By order entered January 28, 2019, the Supreme Court granted the plaintiff's motion to amend the caption to add Bennett as a defendant and to validate the late service upon her nunc pro tunc. Thereafter, despite Bennett's failure to interpose an answer, the plaintiff failed to move for leave to enter a default judgment against Bennett or for leave to file a late motion for the entry of a default judgment against Bennett. Under the unique circumstances of this case, the court properly granted that branch of Bennett's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
Accordingly, the Supreme Court properly granted Bennett's motion, inter alia, to [*3]vacate the order of reference and the order and judgment of foreclosure and sale, to set aside the foreclosure sale of the property, to vacate the referee's deed and the special warranty deed, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
DILLON, J.P., GENOVESI, MILLER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court